[Fletcher v. Prestwood.]

# Fletcher v. Prestwood.

### Action on Contract. New Trial.

(Decided March 2, 1907.   43 So. Rep. 231.)

1. *Trial: Instructions; Directing Verdict.*—Where there is a con-
flict in the evidence as to material issues it is always proper
to refuse the affirmative charge.

2. *Logs and Logging; Contract for Sawing and Manufacture; Per-
formance; Breach.*—The placing of the logs along the ditch
was not a compliance with the contract requiring a party to de-
posit in the waste way or ditch of the other party of at least
five hundred pine logs suitable to be manufactured into mer-
chantable timber, and relieved the other party to the contract
of his undertaking to saw them.

3. *Same; Actions; Instructions.*—A charge asserting that if plain-
tiff put the logs into defendant's ditch and defendant agreed
to cut them into merchantable timber under the contract in
evidence, the jury must find for the plaintiff, was calculated
to mislead the jury to conclude that the defendant was liable
under the contract without regard to any promise by him
to the assignee of the contract to perform it.

4. *Trial; Instruction; Assuming Facts.*—Where there is a conflict in
the evidence as to whether the logs delivered were suitable to
be manufactured into merchantable timber a charge asserting
that the logs delivered were suitable was invasive of the prov-
ince of the jury and property refused.

5. *Appeal; Harmless Error; Confused Instructions.*—The fact that
a charge given, which related exclusively to the measure of
damages, was confused and misleading does not constitute
reversible error.

6. *Log and Logging; Contract for Sawing and Manufac-
ture; Performance; Inherent Defects.*—Where the defendant
was bound to manufacture logs into merchantable timber under
the contract he is not responsible for defects in the timber
on account of too much wain or too much sap in the logs.

7. *Parties; Persons Who May Sue.*—A non-assignable contract, not
binding on the other party except with his consent, was as-
signed and sued on by the assignee in the name of himself
for the use of himself and another as a co-partner upon the
allegation that after the assignment the defendant had agreed
to carry out the contract with the plaintiff as such assignee.

Held, the partners to whose use the action was brought were merely equitable owners of the contract and the sole parties plaintiff and under Sec. 29, Code, 1896, there could be no recovery by them as the recovery must be based on the legal title to the contract.

APPEAL from Covington Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by John E. Fletcher, for the use of John E. Fletcher and Henry L. Fletcher, late partners under the firm name of J. E. & H. L. Fletcher, against J. A. Prestwood. From an order denying a new trial, plaintiffs appeal. Affirmed.

This action was begun by John E. Fletcher, for the use of John E. Fletcher and Henry L. Fletcher, late partners under the firm name of J. E. & H. L. Fletcher, as plaintiffs, who claim $1,000 damages for the breach of the condition of an agreement which is as follows: "This contract and agreement, made and entered into on this 27th day of December, between I. E. Boyett, party of one part, and J. A. Prestwood, party of the other part, witnesseth: "That said I. E. Boyett agrees to put into or have put into the wasteway or wasteways or on the ditch of the said J. A. Prestwood pine logs suitable for the manufacture of pine sawn timber, not less than five hundred nor more than two thousand logs; and in consideration of the putting in and delivery of said logs into the wasteways or ditch by the said I. E. Boyett, or under his direction, the said Prestwood agrees to run said logs to his mill at his own expense, and to manufacture said logs into sawn merchantable timber, and deliver the same into the river boom owned and controlled by said Prestwood at and for the sum of three cents per cubic foot, taking Ferry Pass measurement as the basis of settlement. And it is further agreed as a part of this contract that, should the said Boyett, either by or for himself, or under his direction, or his assigns, see fit to put into said ditch any logs not in a wasteway, the said Boyett agrees to have good and substantial landings erected and operated on or along said ditches; and the said Prestwood agrees on his part to run and manufacture any and all logs put in by said

Boyett or under and by his direction, with all due diligence and as fast as water will permit. And we, the parties to this agreement, agree that this contract shall and will terminate at the expiration of eight months from this date." Signed in duplicate. It alleged that on the day the contract was executed it was duly and legally assigned by Boyett to plaintiff, John E. Fletcher, in writing, and that, after the transfer and assignment of said contract to John E. Fletcher, Prestwood was informed of the assignment, and after receiving such information, and with the knowledge that plaintiff had become the transferee of said contract, Prestwood agreed to carry out and perform the same with plaintiff as assignee. It is alleged that during the months of January, February, March, and April, 1900, plaintiff put into the wasteway or wasteways and on the ditch of Prestwood 515 pine logs suitable for the manufacture of pine sawn timber, and then alleged that Prestwood failed to carry out his part of the contract, whereby the logs became injured and damaged, etc. Demurrers were interposed to the complaint, and overruled. Defendant interposed pleas A, B, C, D, F, G, H, I, and J; but as demurrers were sustained to all except plea D, and as the case was tried upon the general issue and plea D, it is unnecessary to set the other pleas and demurrers out. Plea D was a denial of a consent to the assignment of the contract and a want of knowledge on the part of Prestwood that it had been assigned until long after its assignment.

The plaintiff requested the court in writing to give the following charges, which the court refused: (2) "If you believe the evidence, the defendant breached the contract sued on." (5) "A delivery of the logs on the ditch of the defendant by the plaintiffs for the purpose of running to the mill would be a sufficient delivery." (6) "A delivery of the logs by the plaintiff on the landings of the wasteways and ditch of the defendant, so that they could be run to the mill, would be a sufficient delivery of the logs." (9) "If, under the evidence, you are reasonably satisfied that the defendant undertook to carry out the contract, and plaintiff proceeded to deliver and did deliver under the contract as many as five

hundred pine logs suitable for the manufacture of pine sawn timber on or in defendant's ditch, on or in defendant's wasteway, within the time specified by the contract, according to its terms, then it was the duty of the defendant to run and manufacture any and all logs so put in by plaintiff with all due diligence and as fast as the waters would permit, and defendant would have no right to postpone the running and sawing of plaintiff's logs while he ran and sawed his own." (10) "If from the evidence you are reasonably satisfied that defendant undertook the performance of the contract, and plaintiff proceeded to deliver and did deliver under the contract as many as five hundred pine logs suitable for the manufacture of pine sawn timber on or in defendant's ditch, on or in defendant's wasteway, within the time specified by the contract according to its terms, then it was the duty of the defendant to run and manufacture any and all logs so put in by plaintiff with all due diligence and as fast as the waters would permit; and if defendant failed to do this, and did not manufacture a portion of the logs until after the 27th day of August, 1900, then this would be a breach of the contract on the part of the defendant." (A) "If the jury believe from the evidence that the plaintiff put 515 merchantable pine logs into the ditch and into the wasteway of the defendant during the months of January, February, March, and April, 1900, and defendant agreed to cut them into merchantable timber under the contract in evidence, they must find for the plaintiff, unless they believe that the water would not have permitted the running of the logs, the manufacture of the timber, and delivery of the timber into the defendant's boom within the time specified in the contract." (B) "If the jury believe the evidence, they must find for the plaintiff." (C) "The court charges the jury, if logs designated by the witnesses as deadheads, low floaters, and dead logs are suitable for and can be manufactured into merchantable timber, then they will take such logs into consideration in ascertaining if the plaintiff put not less than five hundred pine saw logs into the wasteways and along the ditch of the defendant which were suitable to be manufactured into merchantable timber."

The court gave the defendant, upon his request in writing, the following charges: (7) "The court charges the jury that if they believe that the plaintiff instructed the defendant's sawyer not to cut out of his logs the worm-eats, and if the defendant's sawyer acted upon such instruction, and if defendant could have sawed out said worm-eats and leave merchantable timber, defendant would only be liable for the value of the timber which would be cut off in cutting off the worm-eats, together with the depreciation of the market value of timber caused by delay." (18) "The court further charges the jury that under the contract sued upon in this case it was the duty of the plaintiff to put the logs either into the wasteways or into the ditch of the defendant, and this obligation is not complied with by putting of the logs on the side of the ditch." (9) The court further charges the jury that under the contract sued upon it was not the duty of the defendant to roll from the bank by the side of the ditch the logs of the plaintiff, but such duty devolved upon the plaintiff themselves." (1) "The court further charges the jury that the defendant is not liable for a defect in the timber because it has too much wain or too much sap." (13) "The court further charges the jury that the defendant is not liable for any damage to the timber by reason of the same being sap-damaged, if the timber was in good condition and not sap-damaged at the time of the delivery of the same to the plaintiff, and the sap damage was caused after such delivery to the plaintiff."

There was a verdict for defendant, and the plaintiff moved for a new trial upon the grounds discussed in the opinion and here set out.

POWERS, ALBRITTON, & ALRBITTON, B. H. LEWIS, and RILEY & WILKERSON, for appellant.—By interposing the plea of set-off the defendant admitted the validity of the contract sued on and the liability thereon.—*Grisham v. Bodman,* 111 Ala. 194; *St. L. & P. R. T. Co. v. McPeters,* 124 Ala. 451. Under this state of the case the court erred in refusing plaintiff's charge 2. As to a proper construction of the contract we cite the following: 9 Cyc. 577, 579 and 588; Bishop on Contracts, §§

380-383. Applying the rules there laid down it is insisted that the construction of the contract contended for by appellant is the proper one. Charge E, refused to plaintiff, asserts a correct legal proposition applicable to this cise.—*Fletcher v. Prestwood,* 38 South. 847. Counsel discuss other assignments of error but cite no authority.

STALLINGS & REID, and FOSTER, SAMFORD & CARROLL, for appellee.—Under the facts in this case the question of due diligence in the performance of the contract are questions for the jury.—*Drake v. Voorhees,* 22 Ala. 409; *Brown v. Johnson,* 42 Ala. 211. It having been alleged that the defendant is bound to comply with the terms of the written contract and that defendant agreed to carry out and perform the same with the plaintiff as assignee, (a necessary allegation), *Arkansas v. Belden,* 127 U. S. 379; 4 Cyc. p. 22; Clark on Contracts, 524) he plaintiff is bound by the allegation. Council discuss other assignments of error but cite no authority.

TYSON,, C. J. —The contract, for the alleged breach of which damages are sought to be recovered, was entered into between one Boyett and defendant. Boyett, it appears, assigned it in writing to one of these plaintiffs. Plaintiffs, perceiving it to be necessary in order to maintain the action, amended their complaint by averring that "after the transfer and assignment of said contract to plaintiff John E. Fletcher the defendant was informed of the same, and that, after receiving such information and with the knowledge that plaintiff had become the transferee of said contract, he agreed to carry out and perform the same with plaintiff as such assignee," etc. Under the contract, as we construe it, Boyett was obliged to put into the wasteways or into the ditch of Prestwood at least 500 pine logs suitable for manufacture into sawn, merchantable timber within the period specified for the termination of the contract. The placing of the logs along the ditch of the defendant would not be a delivery to the defendant of them under the contract imposing upon him the duty to run them to his mill for the purpose of being manufactured. And

clearly there would be no compliance with the obligation assumed by Boyett if a less number than 500 were put into the wasteways or the ditch, or, if that number of logs were put into the wasteways or ditch to be transported, if any of them were not suitable to be manufactured into merchantable timber. In short, Boyett's obligation was to deposit in the wasteways or ditch of defendant at least 500 pine logs suitable to be manufactured into merchantable timber within eight months from the date of the contract. Anything short of this was not a compliance with his obligations under the contract, and relieved the defendant of his undertaking to saw any of the logs.

Assuming that the averments of the complaint as last amended show a breach of the contract, entitling the plaintiffs to maintain the action therefor, it is obvious that under the issue as made by the pleas interposed to it, upon which the case was tried, the burden of proof was upon them to establish to the reasonable satisfaction of the jury (1) that defendant agreed to perform the contract after its assignment; (2) that plaintiffs deposited the minimum number of logs specified in the contract in the wasteways or ditch of defendant within the required time; and that at least that number was suitable for the manufacture into sawn, merchantable timber. There was a conflict in the testimony as to all of these matters, and whether, therefore, the plaintiffs discharged the burden which was upon them in respect thereto, was clearly a question for the jury. It follows, therefore, that charges designated 2 and B, requested by plaintiffs, were properly refused.

Charges 5, 6, 9, 10, and C were framed upon the theory that a delivery of the logs by plaintiffs on, instead of into, the ditch or wasteways of defendant, was a compliance with the contract. Their refusal was proper.

Charge A, requested by plaintiffs, was calculated to mislead the jury to conclude that defendant was liable under the contract with Boyett without regard to any promise by him to John E. Fletcher to perform it after its assignment to him by Boyett. Charge E assumed that the logs delivered by plaintiffs were suitable to be manufactured into merchantable timber..

This brings us to a consideration of the charges given at defendant's request. Those numbered 8 and 9 were framed upon a proper construction of the contract with respect to the delivery of the logs into the ditch or wasteways of defendant, and were properly given..

The only criticism indulged against the correctness of charge 7 is that it was confusing and misleading. This may be conceded, and yet this would not be sufficient to reverse the judgment. Furthermore, the charge could have exerted no possible influence upon th jury's determination of the question of the plaintiffs' right of recovery, since it relates exclusively to the measure of damages in the event any recovery was allowed.

Charge 1 has reference to inherent defects in the timber or logs, for which the defendant, of course, could not be held responsible. It is not insisted that the giving of charge 13 was error.

We are unwilling to affirm that the trial judge erred in denying the motion for a new trial.

Thus far we have only dealt with the questions which were raised and presented for the determination of the trial court, and have disposed of the rights of the parties along the lines upon which that court seems to have determined them. There is, however, another question which we feel constrained to notice, lest our failure to do so might be misconstrued and misunderstood. It is this: Whether a recovery can be had by the two plaintiffs for whose use or benefit the action was brought? Under the statute they must be considered as the sole and real parties plaintiff on the record. Section 29 of the Code of 1896; *Reese v. Reaves,* 131 Ala. 195, 31 South 447; *Cowan v. Campbell,* 131 Ala. 211, 31 South. 429. The contract, which is confessed by plaintiffs to be not assignable, becomes obligatory upon defendant in favor of John E. Fletcher only by virtue of his promise to Fletcher to perform it. It is upon this promise, which is alleged in the complaint, that John E.. Fletcher had a right of action for its beach. Without it, under the pleadings, John E. Fletcher, although the contract had been transferred in writing to him, could not have maintained the action.—*Arkansas Valley S. C. v. Belden,* 127 U. S. 379, 8 Sup. Ct. 1308, 32 L. Ed. 246; Clarke on Contracts·

[Murphy v. St. Louis Coffin Co.]

pp. 523, 524. The effect of the promise by defendant to perform the contract, after its assignment to John E. Fletcher, was to substitute him in the place of Boyett as a party to the contract. It was in substance the making of a new conract between Fletcher and Prestwood which of course was not assignable by Fletcher and unenforcible by any one else, or by him jointly with another person, in the absence of a consent by Prestwood that such other person might become a part owner with Fletcher of the contract. John E. Fletcher, by virtue of the promise to him, became the owner of the legal title to the contract; and it is only in this right that it is capable of enforcement by him. His right of action therefore, cannot be maintained upon a mere beneficial ownership or equitable ownership; nor can the action be maintained upon a like ownership or title in himself and Henry L. Fletcher. It is not averred that the defendent ever knew of the part ownership of Henry L. Fletcher in and to the contract, or that he assented to his becoming a party to the contract. No such assent being averred or shown, there could be no recovery by him, or by him jointly with John E., conceding that it is shown that the latter was substituted for Boyett as a party to the contract.

Affirmed.

HARALSON, SIMPSON, and DENSON, JJ., concur.