## So. Ry. Co. *v.* Brewster.

### *Damage for Loss of Goods.*

(Decided May 20, 1915. 69 South. 111.)

1. *Carrier; Goods; Loss; Form of Remedy.*—Where the complaint alleged a failure of a carrier to deliver one bale of cotton, "Marked No. 777," to a named consignee, the action was in special assumpsit on the bill of lading.

2. *Same; Right of Action.*—Where a consignor shipped a bale of cotton having a certain mark to be delivered to a certain consignee who had purchased it from the consignor, and such consignee paid the consignor for that bale, as if it had been in fact delivered, such consignor had no right of action against the carrier for its loss; hence, his assignee took no title or interest as against the carrier; and the assignor and his assignee could not bind the consignee or the carrier by a purported assignment of a bale belonging to the assignee for which the consignee by mistake has paid the assignor.

3. *Same; Consignee.*—In such a case, the consignee having paid the consignor in full, took all the right, title and interest of the consignor as against the carrier for the loss of the bale of cotton paid for but not delivered.

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by Mike Brewster against the Southern Railway Company for damages for the loss of a bale of cotton. Judgment for plaintiff and defendant appeals. Reversed and remanded.

Transferred from Court of Appeals under act creating said court.

LAWRENCE E. BROWN, for appellant.

BOULDIN & WILBERLY, for appellee.

MAYFIELD, J.—The only count in the complaint is as follows: "The plaintiff, Mike Brewster, claims of the defendant, Southern Railway Company, a corporation, the sum of $81.56 damages for the failure to deliver certain goods, viz., one bale of cotton, marked 'No. 777.' received by the defendant as a common carrier, to be delivered to Knight, Yancey & Co., at Decatur, Ala., for a reward, and which defendant failed to deliver. Said claim is the property of plaintiff."

The last sentence was added by amendment. The complaint was also amended, over the objection of the defendant, as follows: "By inserting therein after the word 'Plaintiff,' the words, 'J. F. Gullatt, suing for the use of'"—and by adding: "The said Mike Brewster is now the beneficial owner of said claim here sued upon."

(1) It is certain that the action is on a bill of lading; that is, on a contract of shipment. The only breach

[So. Ry. Co. v. Brewster.]

alleged is the failure to deliver one bale of cotton, No. 777. The action is not on the common counts, but is in special assumpsit, on a bill of lading. There is no attempt to waive a tort and sue for money had and received.

(2, 3) The plaintiff, as it fully and indisputably appears, was not a party to this contract sued on. The contract was between one J. F. Gullatt and defendant, and the former is alleged to have assigned the claim or cause of action to the plaintiff, but whether before or after suit brought does not appear. Nor is this material, in the view we take of the case. If any cause of action accrued as for the failure to deliver this bale of cotton, it accrued to J. F. Gullatt or to the consignees. It appears without dispute that the consignees of the bale of cotton were purchasers thereof from the consignor.

The defendant demurred to the complaint, and objected to the allowance of the amendments, and, this question being decided against it, it filed several special pleas, among which was plea 4, reading as follows: "Fourth. That the cause of action in this case is in Knight, Yancey & Co., and not in plaintiff, and that there had not been, at the time suit was commenced, a transfer of the right of action to the complainant."

After a careful examination of this record, we have reached the conclusion that the plaintiff cannot recover in this action. The action, as before stated, is on a bill of lading, that is, on a particular contract of shipment. The only breach alleged is failure to deliver one bale of cotton, No. 777, to the consignees named, Knight, Yancey & Co. Conceding that this right of action is assignable, and that it has been assigned, it conclusively appears that it was not assigned to the

plaintiff, either before, or after, the action was brought. It conclusively appears that Knight, Yancey & Co., the consignees and purchasers of the shipment of cotton evidenced by the bill of lading sued on, paid the consignor for the cotton, including this particular bale, as if it had all been delivered, though the shipment was in fact short one bale, No. 777. Whether the right of action on this bill of lading, as for the breach alleged, was originally in Knight, Yancey & Co., or in the consignor, J. F. Gullatt, the right of action certainly passed to the consignees when they paid the consignor for the bale as if it had been delivered. This settled with the consignor in full, and certainly passed to the consignees all the right, title, and interest in the consignor to the cotton itself, and all claims which the consignor had against the carrier for any failure to deliver. Therefore, when the consignor attempted to assign to plaintiff his interest in the cotton in question or in the bill of lading, no title or interest passed, because the consignor then had no interest or title. He had theretofore passed all his title, interest, and claim to the assignees, Knight, Yancey & Co. The plaintiff attempts to avoid this effect by claiming that Knight, Yancey & Co., by mistake, had settled with Gullatt as for the loss of plaintiff's bale of cotton, and not as for the loss of Gullatt's bale, which is the subject of this suit, and that Gullatt thereafter assigned his right of action as to this bale to the plaintiff. The answer to this contention is that the plaintiff and Gullatt could not, by any such contract between themselves, bind Knight, Yancey & Co., or this defendant. Confessedly Gullatt had no right to settle with Knight, Yancey & Co., as for the loss of plaintiff's cotton. They could not bind the railroad by any such settlement, though

they could and did bind the railroad as to Gullatt's cotton. The contract of shipment on which the action is brought so contemplates. Any right of action against the railroad company as for the loss of bale No. 777 was, under all the evidence in this case, in the consignees, after the consignor was paid for it by the consignees. Nothing remained thereafter in the consignor to assign. It is therefore made certain by this record, that whatever right of action there ever was, or exists now, against this defendant, on the bill of lading in question, as for the failure to deliver bale of cotton No. 777, it was or is in Knight, Yancey & Co., and not in the plaintiff.

Plea 4 was thereupon proven without dispute, and the defendant was entitled to the affirmative charge as requested.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.