# Louisville & Nashville R. R. Co. *v.* Lynne.

### Injury to Goods.

(Decided February 3, 1916.   Rehearing denied March 30, 1916.
71 South. 338.)

1. **Carriers; Goods; Connecting Carrier.**—The Carmack Amendment (U. S. Comp. Stat. 1913, § 8592) does not abrogate or impair the separate liability of terminal or delivering carriers for losses occurring on their own lines, as fixed by state statutes or decisions.

2. **Same; Connecting; Burden of Proof.**—Where the action is against a terminal carrier for loss of goods, the burden is on plaintiff to show that his goods were lost or diverted while in the custody of defendant.

3. **Same.**—Where it is shown that defendant railroad delivered to plaintiff a part of the orignal shipment, the presumption arises of its receipt by defendant railroad in the same condition as when delivered to the initial carrier and imposes upon defendant railroad the burden of showing that the missing goods were not lost while in its custody.

4. **Same; Hearsay.**—In such a case the declaration of a depot agent that the goods were short, and would arrive, is but hearsay, and not a verbal declaration within the scope of duty then being performed.

5. **Same; Evidence.**—Where the clerk did not see the car opened his testimony that at the point of delivery to defendant the car was found short of the goods complained of, was not sufficient to overcome a presumption that the missing goods came into defendant's possession.

6. **Same.**—Where the suit was for loss of goods by a carrier, the admission in evidence of the declaration of a depot agent that the goods were short, and would arrive, while technically erronous was not prejudicial to a reversal.

APPEAL from Morgan Circuit Court.
Heard before Hon. D. W. SPEAKE.

Action by W. E. Lynne against the Louisville & Nashville Railroad Company. From a judgment for plaintiff, defendant appeals. Transferred from the Court of Appeals under section 6, Acts of 1911, p. 449. Affirmed.

The plaintiff shipped 20 cases of dry goods from New York City to himself as consignee at Hartselle, Ala. The initial carrier was a steamship line which delivered the goods to the Southern Railway Company at Charleston, S. C., and it in turn delivered the shipment to defendant in a sealed car at Montgomery. From this point the car, with its seal unbroken was carried to Birmingham by the defendant, where the seal was broken, parts of the contents removed, other goods loaded to complete the carload, the car resealed, and thence carried by defendant to Hartselle. At this point the shipment was delivered to plaintiff as consignee. One Reader, checking agent of defendant at Birmingham, testified that when the car was opened at Birmingham he checked over this shipment, and found it short one case of dry goods, and found another case recoopered. This shortage and condition was noted by him on the waybill issued by him for defendant when the shipment was checked and sent on its way to Hartselle. Nineteen cases, included the recoopered case, were delivered to plaintiff, and he found the recoopered case short a large part of its original contents. Plaintiff introduced in evidence the steamship's bill of lading showing receipt and shipment of 20 cases of his goods. The defendant introduced in evidence the waybill issued by the Southern Railway, showing receipt and tranship-ment over its lines of these same 20 cases from Charleston to Birmingham. Defendant also introduced its own waybill from Birmingham to Hartselle, indorsed with the notation of short-age and condition as above stated, which was verified by the testimony of the checking agent. The defendant objected to the introduction in evidence of the steamship bill of lading on the ground that it was not signed by the carrier, and was not shown to be genuine, and the objection was overruled. De-fendant also objected to the testimony of plaintiff that he told defendant's agent at Hartselle that "I would have to bring suit for the goods, and he requested me to wait a few days, maybe he would find it, and to give them a little more time;" and "he mentioned about the goods being short, that they would come the next day or two." These objections were

overruled. The trial judge refused to give the general affirmative charge for defendant, and also a written request to charge the jury that plaintiff could not recover of this defendant for the lost case. The following charges were also refused to defendant:

(1) The initial carrier is liable for the loss of goods when lost upon any road between the point of shipment and delivery, but connecting carriers are only liable for loss proved to have occurred while the goods were in possession of such connecting carrier.

(2) If you believe from the evidence that the shipment sued on was an interstate shipment, and that the Clyde Steamship Company was the initial carrier of said shipment, and this defendant a connecting or delivering carrier of such shipment, and if you further believe a portion of said shipment was lost, I charge you the Clyde Steamship Company would be liable therefor, and not this defendant.

EYSTER & EYSTER, for appellant. WERT & LYNNE, for appellee.

SOMERVILLE, J.—(1) The act of Congress known as the Carmack Amendment of the act of June 29, 1906 (Fed. St. Ann. Supp. 1909, pp. 273, 274), although it prescribes and extends the liability of initial carriers of interstate shipments, does not abrogate nor in any way impair the separate liability of terminal or delivering carriers for losses occurring on their own lines, as fixed by the statutes or decisions of the several states. That act makes the initial carrier responsible for the safe delivery of shipments over connecting lines, no matter where the loss may occur, but it certainly does not exempt connecting lines from direct responsibility to the owner for their own failure to safely carry and deliver goods received by them for that purpose.

(2) This being the liability of defendant in this case, the burden was on plaintiff to show that his goods were lost or diverted while in the custody of defendant.

(3) By showing defendant's delivery to him of a part of the original shipment, a presumption arose of its receipt by defendant in the same condition as when delivered to the initial or a preceding carrier, which imposed upon defendant the burden of showing that missing goods were not lost while in its custody. —*South. Exp. Co. v. Saks*, 160 Ala. 621, 49 South. 392.

[Louisville & Nashville R. R. Co. v. Lynne.]

With respect to the missing case, we are of the opinion, on the undisputed evidence, that defendant fully discharged this burden, and that the jury should have been instructed, as requested, that plaintiff could not have of defendant any recovery therefor. This conclusion cannot, however, be affirmed as to the contents of the recoopered box, and the time and place of their loss was a question for the jury under the evidence. The charge which affirmed the liability of the initial carrier and the exemption of defendant, regardless of where the goods were lost, was properly refused.

The other special charge (1) correctly stated the law as to the liability of connecting carriers, but, as it was fully covered by other given charges, its refusal was not error.

(4) The declaration of the Hartselle depot agent that the goods were short and that they would come in the next day or two was but hearsay, and was not admissible as a verbal act within the scope of a duty then being performed. It should have been excluded, though its erroneous admission might not alone be a reversible error in this case.

Let the judgment be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and THOMAS, JJ., concur.

ON REHEARING.

SOMERVILLE, J.— (5) On the original hearing we held that defendant had overcome the presumption that the missing case of goods came into its possession as carrier; this because defendant's checking clerk at Birmingham testified to that effect. Upon a careful consideration of his entire testimony, however, it appears that he did not *know* the fact stated, since he did not see the seal clerk break the car seal, and did not know how long it had been broken before he checked the contents of the car and discovered that a case was missing; thus leaving an interim during which so far as appears, the case may very well have been abstracted from the car while in defendant's custody at Birmingham. Such an inference we now think it was within the province of the jury to draw, and we are impelled therefore to hold that the affirmative charge for defendant as to liability for this case, was properly refused.

(6) While we still hold that the admission of the declaration of the depot agent at Hartselle was technically erroneous, yet we

are convinced that its admission could not and did not influence the jury in arriving at their verdict, and we will not reverse the judgment for that insignificant error.

It results that the application must be granted, and the judgment of reversal set aside, and the judgment appealed from will be now affirmed.

Affirmed.