# Nashville, C. & St. L. Ry. *v.* Abramson-Boone Produce Company.

### Damage to Freight.

#### (Decided February 15, 1917.   74 South. 350.)

1. **Pleading; Amendment; Departure.**—An amendment of the complaint, containing counts for conversion and money had and received by adding common counts and counts for failure to deliver a shipment, is permissible under Code 1907, § 5367, and does not constitute a departure, the subject of controversy being the same as in the original.

2. **Carriers; Injury to Goods; Parties Plaintiff.**—Where the seller is consignor and consignee, and indorses the bill of lading with drafts on the ostensible purchaser, and the real purchaser pays the draft, and the goods are delivered to him, he, as the party beneficially interested, is the proper plaintiff to sue the carrier for injury to goods.

3. **Carriers; Connecting Carriers; Injury to Goods; Interstate Commerce.**—The Carmack Amendment (Act Cong. June 29, 1906, c. 3591, § 7, pars. 11, 12, 34 Stat. 593 [U. S. omp. St. 1913, § 8592]) does not abrogate liability of connecting carrier for injury to goods in interstate shipment.

4. **Appeal and Error; Supplemental Brief.**—Argument in the supplemental or reply brief on a point not presented on submission of the cause in the original brief is too late for consideration.

(Anderson, C. J., and Sayre, J., dissent.)

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Action by the Abramson-Boone Produce Company, suing for J. M. Smith and Company, against the Nashville, Chattanooga & St. Louis Railway for damages for injury to freight.   Judgment for plaintiff and defendant appeals.   Affirmed.

Transferred from the Court of Appeals under Acts 1911, p. 450.

GOODHUE & BRINDLEY for appellant.   FORMAN & DAVIS for appellee.

GARDNER, J.—J. M. Smith & Co., a partnership doing business at Gadsden, Ala., ordered through one Harris, a broker, a

carload of hay which was to come from the Abdamson-Boone Produce Company of Idaho. The hay was shipped.November 22, 1913, and arrived in Gadsden December 16th following, and was delivered to J. M. Smith & Co. on December 20th. The bill of lading was issued by the Oregon Short Line Railroad, and the car of hay was consigned to the order of said Abramson-Boone company for delivery at Gadsden and indorsed by said company. Attached to the bill of lading was a draft on Harris & Co. for the purchase price of the hay. Notice of the arrival of the hay was given by the railroad company to said Harris & Co., but J. M. Smith & Co. paid the draft and delivery was made to them. In unloading the hay it was discovered that more than a hundred bales of it was greatly damaged, caused, as plaintiff insisted, by leaks in the car. The defendant company (appellant here) offered evidence tending to show that the car was in good condition, and that the hay was damaged before shipment. Plaintiff refused the hay, delivering it back to the railroad company, and brought suit to recover the damages thereby sustained. The cause was tried by the court without a jury, and resulted in a judgment for plaintiff, from which defendant appeals.

The complaint as originally framed contained two counts, one seeking damages for the conversion by the defendant company of 102 bales of hay, and the other for money had and received. It was alleged in the second count that the money claimed therein arises out of the same facts as are involved in the claim on which the first count is based. Subsequently, during the progress of the trial, the plaintiff was permitted to amend the complaint by adding counts 3, 4, 5, and 6. Counts 3 and 6 were the common counts, and 4 and 5 sought damages for defendant's failure to deliver the 102 bales of hay received by it as a common carrier for delivery to plaintiff at Gadsden.

(1) It is first insisted that the amendment was improperly allowed, as it wrought a departure from the original cause of action. But both the pleadings and evidence disclosed that the plaintiff was seeking a recovery on account of the damaged condition of the hay on its delivery to plaintiff. The parties were the same, the subject of controversy the same, and we are of the opinion that, under our liberal system of pleading, the amendment was permissible and did not constitute a departure.—Code 1907, § 5367; *Gaines v. B. R., L. & P. Co.*, 164 Ala. 6, 51 South. 238.

[Nashville, C. & St. L. Ry. v. Abramson-Boone Produce Company.]

Plaintiff was permitted to further amend the complaint so as to make the Abramson-Boone Produce Company, suing for the use and benefit of J. M. Smith & Co., the parties-plaintiff in the cause. The objection to this amendment, on which the fifth assignment of error is based, is not insisted on in appellant's brief.

(2) It is insisted that, under the facts here disclosed, this action cannot be maintained by either J. M. Smith & Co. or for said company's benefit by the Abramson-Boone Company, for the reason that the hay was not consigned to the Smith Company, and up to the time of its delivery they had no title or interest in it, and the cause of action therefore rested in the Abramson-Boone Company alone, it being both consignor and consignee. In support of this contention, we are cited to the following cases: *Gulf Compress Co. v. Jones Co.,* 172 Ala. 650, 55 South. 206; *Hood v. Commercial Bank,* 12 Ala. App. 511, 67 South. 721; *Fletcher v. Prestwood,* 150 Ala. 135, 43 South. 231; *Zimmerman v. L. & N. Co.,* 6 Ala. App. 475, 6 South. 598; *So. Ry. v. Jones Cotton Co.,* 167 Ala. 581, 52 South. 899; *L. & N. R. R. Co. v. Allgood,* 113 Ala. 163, 20 South. 986; *Walter v. A. G. S. Ry. Co.,* 142 Ala. 485, 39 South. 87.

Under the undisputed evidence in this case, although the brokers, Harris & Co., were the ostensible buyers of the car of hay, yet they were purchasing it from Abramson-Boone Produce Company for and on behalf of J. M. Smith & Co., who were the real purchasers and the parties beneficially interested in the shipment.—*So. Exp. Co. v. Caperton,* 44 Ala. 101, 4 Am. Rep. 118; *So. Ry. Co. v. Brewster,* 9 Ala. App. 597, 63 South. 790. As the shipment was made by the said Produce Company as both consignor and consignee, the hay could not rightfully be delivered until payment of the draft.—*A. C. L. Ry. v. Dahlberg Co.,* 170 Ala. 617, 54 South. 168; *Howell v. Home Bank,* 195 Ala. 73, 70 South. 686. The bill of lading was indorsed by the consignor and consignee—the said Product Company—with draft made on Harris & Co., but J. M. Smith & Co. paid the draft and the hay was delivered to them. They were the real purchasers.

We are not here concerned with the question in whose name the action should have been brought had there been no delivery of goods and no payment of the draft. Whether in the Abramson-Boone Produce Company originally, or in Harris & Co., under the facts as here disclosed the right of action clearly passed to

[Nashville, C. & St. L. Ry. v. Abramson-Boone Produce Company.]

the plaintiff, the J. M. Smith Company, as they were the parties beneficially interested or who would suffer any loss. This conclusion is supported by what was said in the recent case of *So. Ry. Co. v. Brewster, cited supra.* See, also, 4 R. C. L. 490, § 397, and page 944, § 400; *So. Ry. Co. v. Brewster,* 194 Ala. 47, 69 South. 111.

The cases hereinbefore cited as relied on by counsel for appellant do not present situations analogous to that here under consideration, and therefore do not militate against the conclusion reached.

(3) It is also insisted that, this being an interstate shipment, the initial carrier is alone liable under the federal statute for any loss, damage, or injury caused by any carrier over whose line the interstate shipment may have passed, and in support of this insistence we are cited to a recent case from the Georgia Court of Appeals, that of *So. Ry. v. Bennett,* 17 Ga. App. 162, 86 S. E. 418. A reading of that case will disclose that the court was there dealing with a statute of the state of Georgia which was repugnant to the federal statute known as the Carmack amendment (Act June 29, 1906, Fed. Stat. Ann. Supp. 1909, pp. 273, 274). We have no such statute under consideration here. The identical question was presented to this court in the recent case of *L. & N. Co. v. Lynne,* 196 Ala. 21, 71 South. 338, and decided adversely to appellant's contention. The argument of counsel and the authorities cited have not persuaded us that there was error in this holding, and we, therefore, adhere thereto.

(4) In the supplemental and reply brief of counsel for appellant the argument is advanced that, under the facts as disclosed by the record, the liability of the defendant was that of warehouseman, and not of common carrier. This argument was not presented on submission of the cause in the original brief on file, and, under the rules, comes too late for consideration.—*Jebeles-Colias Co. v. Booze,* 181 Ala. 456, 62 South. 12. But in any case, we are not impressed with this insistence.

The judgment appealed from will be affirmed.

Affirmed.

MCCLELLAN, MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur. ANDERSON, C. J., and SAYRE, J., dissent.