(93 South. 395)
### SOUTHERN RY. CO. v. J. H. WHITE MERCANTILE CO.   (2 Div. 785.)

(Supreme Court of Alabama.   April 27, 1922. Rehearing Denied May 18, 1922.)

**1. Carriers ⬤ 177(4)—Delivering carrier liable for losses proven to have occurred on its line, notwithstanding initial carrier's statutory liability.**

Where, in an action against a railway company for failure to deliver certain goods, plaintiff might have pursued the initial carrier, who is liable under the statute, with greater advantages as concerns the burden of proof, his right of recovery is not affected because, instead, he sued the delivering carrier provided that he proves that the loss occurred on defendant's line.

**2. Carriers ⬤ 185(1)—Connecting carrier presumed to receive goods in good condition, and has burden of proving otherwise.**

Where a shipper delivers in good condition two packages of rugs, one containing six Nara rugs, and the other two Marie Antoinette rugs, to a carrier, and at destination receives but two Marie Antoinette rugs, each in a separate package, the burden is on the delivering carrier to prove that the loss did not occur on its line, for the presumption is that goods are received by a connecting carrier in as good condition as when delivered to the initial carrier.

Appeal from Circuit Court, Perry County; R. I. Jones, Judge.

Action by the J. H. White Mercantile Company against the Southern Railway Company. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. Affirmed.

Clifton C. Johnston, of Marion, and Pettus, Fuller & Lapsley, of Selma, for appellant.

The burden of proof was upon plaintiff to show that the loss occurred in transitu. 92 Ala. 329, 9 South. 159, 25 Am. St. Rep. 59. In the absence of special contract or relation, each connecting carrier is liable only for loss suffered on its own line. 134 Ala. 255, 32 South. 773, 92 Am. St. Rep. 25; 53 Ala.

19; 51 Ala. 394; 75 Ala. 587, 51 Am. Rep. 483.

W. L. Hogue, of Marion, for appellee.

Where there is partial delivery of shipment, presumption arises of receipt of goods by delivering carrier in same condition as when delivered to initial carrier, and the burden is cast upon delivering carrier to show that loss did not occur on its lines. 196 Ala. 21, 71 South. 338; 160 Ala. 621, 49 South. 392.

SAYRE, J.   Action by appellee against appellant for failing to deliver six Nara rugs which had been delivered to the Pennsylvania Railroad Company at New York for transportation to appellee at Uniontown; appellant being the connecting carrier. The contention on behalf of appellant is that the judgment for appellee was founded in error for two reasons: (1) The proof failed to establish a delivery of the rugs in controversy to the initial carrier. (2) There was no evidence going to show that the packages received by appellee had been tampered with en route—this, in connection with the undisputed law that a connecting carrier is liable only for loss occurring on its own line. Southern Express Co. v. Saks, 160 Ala. 621, 49 South. 392.

The whole evidence is furnished by two witnesses, both of whom were called to testify by appellee. Their testimony presents quite an unusual sort of case. Farman, who delivered the shipment to the Pennsylvania Railroad in New York, testifies that the shipment consisted of three packages, two of which, purported to contain, one six Nara rugs, the other four Grassex rugs, were not examined by him, but were shipped as they came from the mills. It was the practice of the mills, he said, to ship six rugs in a bundle; in one of these bundles, however, it is conceded that four rugs were wrapped. These packages were covered with grass matting. In the third package he placed two Marie Antoinette rugs and covered the package with burlaps. These three packages, rolls, were 9 feet 6 inches long; the two larger were about 12, and the smaller about 7, inches in diameter. They weighed, respectively, 142, 94, and 37 pounds. The witness Hearn testified to the receipt of three packages at Uniontown, viz. one bundle containing four Grassex rugs, and two other bundles containing each one Marie Antoinette rug. As to the manner of packing his testimony is confused; but he said nothing as to weights. As to condition generally, the witness said:

"So far as we can tell, those three bundles had not been tampered with; if they had been, I could not detect it."

Putting aside the bundle of Grassex rugs, for as to them there was no trouble, plain-

tiff's (appellee's) case comes · to this: Two packages were delivered to the Pennsylvania Railroad, one containing six Nara rugs, the other containing two Marie Antoinettes, and when the two packages were delivered in Uniontown each contained one Marie Antoinette. The case was tried by the court without a jury, and the judgment for plaintiff is assigned as error.

[1, 2] The fact that plaintiff might have pursued the Pennsylvania Railroad to better advantage, so far as concerns the burden of proof—for the statute makes the initial carrier responsible, no matter where the loss occurs—does not affect plaintiff's right to recover against this defendant, if in fact the loss occurred while the goods were in defendant's possession. L. & N. R. Co. v. Lynne, 196 Ala. 21, 71 South. 33S; C. & N. W. Rwy. v. Whitnack Co., 258 U. S. —, 42 Sup. Ct. 328, 66 L. Ed. —. In this case against the delivering carrier the question to be decided relates to the location of the burden of proving the ultimate fact importing liability, for, on the evidence—assuming the truth of that part of it which tends to show delivery to the initial carrier—it is quite impossible to say where the rugs in suit were taken from the package in which they were shipped. The rule in this jurisdiction is that, when the receipt of goods by the carrier sued is shown, it is presumed, as against such carrier, that the goods were in the same order as when received by the initial carrier. Loss or injury being shown, the burden is upon the carrier, to whose possession the goods are traced, to prove that the goods were not lost or injured while in its possession—this for the reason that the law presumes a fact, continues in its nature, to continue until the contrary appears, and, loss or injury shown, lays the burden of accounting for a shipment on the bailee whose duty it is to know. Central of Georgia v. Chicago Varnish Co., 169 Ala. 287, 53 South. 832, where our cases are cited. And see 3 Hutchinson on Carriers (3d Ed.) § 1348, and note 6, and editorial note to Beede v. Wisconsin Central, 90 Minn. 36, 95 N. W. 454, 101 Am. St. Rep. 390.

It results that the judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.