## CENTRAL OF GEORGIA RY. CO. v. GILLIS MULE CO. (4 Div. 987.)

(Court of Appeals of Alabama. Jan. 13, 1925. Rehearing Denied March 24, 1925.)

1. **Carriers** ⬅︎177(4)—**Delivering carrier liable only for damages occurring on its own line or while goods in its possession.**

A delivering carrier is liable only for injuries to shipment occurring on its own line or while in its possession.

2. **Carriers** ⬅︎185(1)—**Burden on one suing delivering carrier for damage to goods to show receipt thereof by terminal carrier.**

In action against delivering carrier for loss or damage to goods, burden is on plaintiff to show receipt of goods by terminal carrier.

3. **Carriers** ⬅︎185(1)—**Burden on delivering carrier to show that damage to goods did not occur while in its possession, where delivered to initial carrier in good condition.**

When goods are delivered in good condition to initial carrier, there is a presumption that they were delivered to connecting carrier in same condition and, when goods are delivered by terminal carrier in damaged condition, burden is on terminal carrier to show that damage did not occur while on its line.

4. **Carriers** ⬅︎185(1)—**Carrier has burden of establishing special plea that damage to goods brought about by causes beyond its control.**

Where delivering carrier, sued for damage to goods, specially pleaded that injury was brought about by causes beyond its control, it has burden of establishing such plea.

5. **Appeal and error** ⬅︎664(2)—**Record prevails over bill when recitals contradictory.**

Where record showed that plaintiff excepted to a certain instruction, whereas bill of exceptions showed that defendant excepted thereto, the record must prevail.

6. **Appeal and error** ⬅︎1033(5) — **Appellant cannot complain of favorable instructions.**

Appellant cannot complain of instructions favorable to it.

7. **Carriers** ⬅︎177(4)—**Carmack Amendment does not relieve connecting carrier from injuries occurring on its own line.**

The Carmack Amendment, Act June 29, 1906 (Comp. St. §§ 8604a, 8604aa), does not abrogate or affect separate liability of connecting carriers for losses occurring on their own lines.

8. **Carriers** ⬅︎187—**Whether evidence sufficient to overcome presumption that damage to goods occurred while in hands of connecting carrier held for jury.**

Where shipper, in action against connecting carrier for damage to shipment of mules, proved that mules were delivered in good condition to initial carrier and delivered in damaged condition to consignee, *held*, that it was for jury to determine whether evidence introduced by carrier was sufficient to overcome presumption that injury occurred on line of defendant company.

9. **Trial** ⬅︎260(1)—**Refusal of requested charge not reversible error, where substantially covered by court's oral charge.**

Refusal to give requested written charge, which states a correct proposition of law, is not reversible error, where court's oral charge substantially covered such requested charge.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Action by the Gillis Mule Company against the Central of Georgia Railway Company for damages for injury to a mule. Judgment for plaintiff, and defendant appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Central of Georgia Ry. Co., 212 Ala. 635, 103 So. 909.

G. L. Comer & Son, of Eufaula, for appellant.

The defendant was entitled to the affirmative charge. U. S. Stat. Interstate Commerce Law, § 8604a; Cent. of Ga. v. Sims, 169 Ala. 295, 53 So. 826. It was error to overrule defendant's motion for new trial. Bank v. Bradley, 116 Ala. 143, 23 So. 53; Sou. Ry. Co. v. Morgan, 171 Ala. 294, 54 So. 626; Twinn Tree L. Co. v. Day, 181 Ala. 565, 61 So. 914; Ex parte Shoaf, 186 Ala. 394, 64 So. 615; Sou. Ry. Co. v. Herron, 189 Ala. 662, 66 So. 627; N., C. & St. L. v. Crosby, 194 Ala. 338, 70 So. 7; Howton v. Mathias, 197 Ala. 457, 73 So. 92; L. & N. v. Blankenship, 199 Ala. 521, 74 So. 960; Mooneyham v. Herring, 204 Ala. 332, 85 So. 390.

G. W. Winn, of Clayton, and Sollie & Sollie, of Ozark, for appellee.

When there is a conflict between the record and bill of exceptions, the record proper

⬅︎For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

will prevail. Pynes v. State, 207 Ala. 395, 92 So. 666; Wright v. State, 3 Ala. App. 24, 58 So. 68; Mobile L. R. Co. v. Thomas, 16 Ala. App. 313, 77 So. 463. The provisions of the Interstate Commerce Act of 1887 do not abrogate the common-law rule of liability resting upon common carriers. C., N. O. & T. P. v. Rankin, 241 U. S. 319, 36 S. Ct. 555, 60 L. Ed. 1022, L. R. A. 1917A, 265; Union Pac. v. Burke, 255 U. S. 317, 41 S. Ct. 283, 65 L. Ed. 656. The burden of proof was upon defendant to acquit itself of negligence. Am. Ry. Exp. Co. v. Dunnaway, 207 Ala. 392, 92 So. 780; So. Exp. Co. v. Saks, 160 Ala. 621, 49 So. 392; L. & N. v. Lynne, 196 Ala. 21, 71 So. 338. The Carmack Amendment does not impair the separate liability of the terminal carrier. L. & N. v. Lynne, supra; N., C. & St. L. v. Abramson, 199 Ala. 271, 74 So. 350; So. Ry. Co. v. White, 207 Ala. 520, 93 So. 395. The burden of proof was upon defendant to establish its special plea 2. S. & N. A. v. Henlein, 52 Ala. 606, 23 Am. Rep. 578; 2 Greenl. on Evi. § 219; A. C. L. v. Rice, 169 Ala. 265, 52 So. 918, 29 L. R. A. (N. S.) 1214, Ann. Cas. 1912B, 389; W. U. Tel. Co. v. Brazier, 10 Ala. App. 308, 65 So. 95; L. & N. v. Shepherd, 7 Ala. App. 496, 61 So. 14.

FOSTER, J. This case was tried on the second count of the complaint, which is substantially in the form prescribed by the Code 1907, No. 15, p. 1197, for suit against a common carrier on a bill of lading, with some additional averments made necessary by the suit having been brought against a connecting carrier. The pleas were the general issue and special plea numbered 2, as follows:

"The defendant says that at the time said mule, for the injury to which damages are claimed in this case, was received for shipment, it was stipulated and agreed and contracted as follows:

"'Unless caused by the negligence of the carrier, or its employees, no carrier shall be liable for or on account of any injury or death, sustained by said live stock, occasioned by any of the following causes: Overloading, crowding one upon another, escaping from cars, pens, or vessels; kicking or goring or otherwise injuring themselves, or each other, suffocation, fright, or fire, caused by the shipper or the shippers' agent, heat or cold, changes in weather or delay caused by stress of weather or damage to or obstruction of track, or other causes beyond the carrier's control.' And defendant avers that the injury for which this suit was brought was caused, or brought about, by causes beyond the carrier's control, and not from any negligence on the part of this defendant."

There was verdict and judgment for the plaintiff for $200. The defendant filed its motion for a new trial, which was overruled by the court, and exception duly reserved. From the ruling of the court on the motion and the judgment on the verdict, the defendant prosecutes this appeal.

The evidence without conflict showed that the plaintiff on January 1, 1923, delivered to the Louisville & Nashville Railroad Company, a common carrier of goods, at Columbia, Tenn., a carload of mules to be transported to Clayton, Ala., and there to be delivered to plaintiff for a reward. The mule in suit was one of the 22 mules in the car and was in good condition when delivered to said carrier. Said company issued to plaintiff a through bill of lading for said carload of mules to Clayton, Ala. The initial carrier's lines extended from Columbia, Tenn., to Montgomery, Ala., where the mules were unloaded, fed and watered, and delivered to the Central of Georgia Railway Company for shipment and delivery to the plaintiff at Clayton, Ala. The mules were delivered by the initial carrier to the connecting and delivering carrier (the appellant) at 6:45 a. m. January 4, 1923, and were delivered to the plaintiff at Clayton, Ala., between 9 and 10 o'clock p. m. of the same day. Early in the morning of January 5, 1923, the mule the subject of this suit was found to be injured in its shoulder, the injury consisting of a wound round in appearance and more than seven inches deep. Evidence for the plaintiff tended to show that the injury was probably inflicted about 24 hours before the discovery of the wound, that a nail which looked to be about a 20-penny nail was found in the inside wall of the car in which the mule was transported, that the mule before its injury was worth from $225 to $250, and after the injury was practically worthless.

Evidence for the defendant tended to show that the carload of mules was properly and carefully transported over its line from Montgomery, Ala., to Clayton, Ala.; that no injury occurred to any of the mules while in its custody, that there was no nail protruding from the inside wall of the car, that the wound appeared to have been caused by a bullet, and that the mule was injured to the extent only of $75.

The defendant excepted to that portion of the oral charge of the court stating, "in substance, that the burden shifts to the defendant to acquit itself of negligence." And the court then gave the following instruction:

"I said this: That if the jury become reasonably satisfied from all the evidence that the mule was injured between Columbia, Tenn., and Clayton, Ala., as the result of negligence, then the burden shifts to the defendant to acquit itself of negligence; that is, of course, provided the mule was delivered in proper condition at Columbia, Tenn."

And the defendant excepted to the said oral instruction.

[1] The defendant being the delivering carrier was liable only for injuries to the

mule occurring on its own line or while in its possession. Walter v. A. G. S. R. R. Co., 142 Ala. 475, 39 So. 87; Montgomery & West Point R. R. Co. v. Moore, 51 Ala. 394; Mobile & Girard R. R. Co. v. Copeland, 63 Ala. 219, 35 Am. Rep. 13.

[2, 3] In an action against the delivering carrier for loss or damage to goods, the burden is upon the plaintiff to show the receipt of the goods by the terminal carrier. Where the goods are delivered in good condition to the initial carrier, there is a presumption that they were delivered to the connecting carrier in the same condition as when delivered to the initial carrier, and when such goods are delivered by the terminal carrier to the consignee in a damaged condition, the burden is upon the terminal carrier to show to the reasonable satisfaction of the jury that the damage or injury did not occur while on its lines or while in its possession or control as a common carrier. Montgomery & Eufaula Railway Co. v. Culver, 75 Ala. 587, 51 Am. Rep. 483; Walter v. A. G. S. R. R. Co., supra; Central of Georgia Railway Co. v. Goodwater, 14 Ala. App. 258, 69 So. 1015.

The trial court did not err in giving the oral instructions to which exception was reserved.

[4] Defendant's special plea No. 2 seeks to avoid liability by alleging that the injury was brought about by causes beyond its control, and not from negligence of the defendant. The plea does not aver what the causes were. The plea is hereinabove set out, and the quoted provisions in the bill of lading exempt the defendant from liability for injury resulting from any of the causes therein named, when the injury is not caused by the negligence of the defendant. Where the defendant pleads specially that the injury was brought about by causes beyond its control, the burden is upon it to establish the plea.

In the oral charge of the court as copied in the record, the following appears:

"The plaintiff excepts to that part of the foregoing charge which says, in substance, that the burden is upon the plaintiff to show that the injury in question resulted from negligence, and also that portion of the said oral charge which has to do with the abandonment by the plaintiff of the property when received, on the grounds that it is abstract."

The language of that paragraph as copied in the bill of exceptions is as follows:

"The defendant, then and there, duly excepted to the following portions of said oral charge: The defendant excepted to that part of the oral charge, as set out, which says in substance that the burden is upon the plaintiff to show that the injury in question resulted from negligence, and also that part of the oral charge which has to do with the abandonment by the plaintiff of the property when received, on the ground that the same is abstract."

It is evident that there is a mistake in the bill of exceptions where it shows that the defendant excepted to the above excerpts from the oral charge, as the same were favorable to the defendant and against the plaintiff, and the record proper shows that the exception was reserved by the plaintiff.

[5] When there is a contradiction between the recitals of the record and the bill of exceptions, the record must prevail. Reynolds v. State, 68 Ala. 502; DeButts v. Vandiver, 129 Ala. 666, 30 So. 905; Wright v. State, 3 Ala. App. 24, 58 So. 68; Mobile L. & R. Co. v. Thomas, 16 Ala. App. 313, 77 So. 463.

[6] However, the exception cannot avail the defendant as the instructions were favorable to it.

[7] The appellant insists that it was entitled to the general affirmative charge. The act of Congress known as the Carmack Amendment, Act of June 29, 1906 (Fed. St. Ann. Supp. 1909, pp. 273, 274 [Comp. St. §§ 8604a, 8604aa]), does not abrogate or affect in any way the separate liability of connecting carriers for losses or injuries occurring on their own lines. The fact that the act makes the initial carriers in the first instance liable for losses on connecting lines does not relieve the connecting carriers from loss or injury to goods occurring on their own lines. Louisville & Nashville R. R. Co. v. Lynne, 196 Ala. 21, 71 So. 338; Southern Ry. Co. v. White, 207 Ala. 520, 93 So. 395.

[8] The plaintiff having proven that the mules were delivered in good condition to the initial carrier, and that the mule in question was delivered in damaged condition to the plaintiff by the terminal carrier, the burden was upon the defendant (the connecting carrier) to show to the reasonable satisfaction of the jury that the injury did not occur on its line or while the mule was in its possession or control as a common carrier. There was evidence to this effect submitted to the jury, it was for the jury to determine whether such evidence was sufficient to overcome the presumption that the injury occurred on the line of the defendant company, and this in connection with the evidence on behalf of the plaintiff that there was a large nail on the inside wall of the car in which the mule was transported which may have caused the injury made it a jury question. The defendant company introduced the only kind of evidence available to it to show that the injury did not occur on its line—the only kind of evidence generally to be had in such cases. But we cannot say that there was error in submitting these questions of fact to the jury for determination.

[9] Written charge 2 refused to the defendant states a correct proposition of law. But we think the court's oral charge fairly and substantially covered the proposition embodied in the written charge, and its re-

fusal is not reversible error. The oral charge was very fair to the defendant.

We cannot say that the verdict of the jury was against the great weight of the evidence. The evidence fails to satisfactorily show where the injury occurred, but where it showed without conflict the delivery of the mule in good condition to the initial carrier and the delivery by the terminal carrier in bad condition, it was for the jury to determine whether or not the evidence for the defendant was sufficient to overcome the presumption that the injury occurred while the mule was in its possession as a common carrier.

The court did not err in overruling the motion for a new trial.

The judgment is affirmed.

Affirmed.

### On Rehearing.

RICE, J. The decision affirming this case was written by FOSTER, J., before his resignation from this court.

Upon this application by appellant for a rehearing, we have examined carefully the entire record, and have considered all of the excellent and extensive briefs filed by both counsel for appellant and appellee upon the original submission, as well as the two briefs and arguments filed by appellant's counsel in support of the present motion. We have examined' with care the pertinent authorities, but for us to have read all of the citations contained in all of the said briefs would have required too large a part of the remainder of the present term of this court, and would, we think, have added nothing, substantially, to our understanding of the issues involved. We have, though, given the careful consideration requested to the arguments made in support of the application, and upon the whole of such consideration we are led to the conclusion that nothing has been advanced in its support that had not already been very minutely and forcibly urged upon this court as grounds for reversal of the case—and all of which arguments we think satisfactorily and conclusively disposed of adversely to appellant's contentions by the opinion heretofore handed down.

Accordingly the application is overruled.

Overruled.