# Morgan v. Saks.

*Action for Damages for Personal Injuries caused by
Defective Elevator.*

1. *Elevators; common carriers.*—When a merchant, who operates
an elevator for the transportation of his customers from one
floor of his store to another, invites one to take the elevator,
the relation of carrier and passenger arises.
2. *Same; same; negligence.*—A carrier of passengers on an ele-
vator is guilty of negligence if he leaves the door of the ele-
vator shaft open, with no bar or other obstruction to prevent
a passenger from walking into it.
3. *Same; same; contributory negligence.*—Whether a passenger,
who is directed by a carrier to take an elevator, is guilty of
contributory negligence in walking rapidly to an elevator and
stepping through the door, without stopping to see whether
the elevator was in place or not, is a question for the jury;
and this, whether the place was well lighted or not.

APPEAL from Circuit Court of Jefferson.
· Tried before the Hon. A. A. COLEMAN.
This action, to recover damages alleged to have been
caused by the negligence of the defendant in operating
his elevator, in his store, was brought by appellant,
James W. Morgan, against appellee, Louis Saks. The
facts, so far as necessary to an understanding of the
opinion, were, that the defendant, who was a merchant
in the City of Birmingham, conducted an elevator in
his store for the convenience of his customers. The
plaintiff went to the store of the defendant, saying that
he wished to purchase certain merchandise. The de-
fendant informed him that goods of that character were
on the second story, and told plaintiff to take the ele-
vator. Plaintiff stated that he was in a hurry, because
he wished to catch a train which would soon leave.
Plaintiff walked hurriedly to the elevator, and, without
stopping to look, stepped through the entrance. The
elevator was at that time above, and no door, bar, or

other obstruction was in place to prevent plaintiff's entrance to the shaft. He fell to the bottom of the shaft and was injured.

The case was tried on pleas of the general issue, and of contributory negligence. There was verdict and judgment for the defendant, from which the plaintiff appeals.

THOMAS R. ROULHAC and J. L. ANDREWS, for appellant.—The owners of a store in which an elevator is used for convenience of customers, are common carriers, and, as such, bound to use the utmost care.—10 Am. & Eng. Enc. Law (2nd ed.) 945-6-7; *Treadwell v. Wittier,* 80 Cal. 574; 13 Am. St. Rep. 175; *Mitchell v. Marker,* 62 Fed. Rep. 139.

The express invitation to enter the elevator relieved plaintiff from any duty of stopping and looking to see if the elevator was in place.—*A. G. S. R. R. v. Anderson,* 109 Ala. 304; 4 Mayf. Dig. sec. 108; 61 N. J. Law 318; 2 Wood R. R. Law, 1151, 1153; 37 N. Y. 287; 8 Am. Rep. 508; Whitaker's Smith on Negligence 50, 60, 214-5, 224-7; 129 Mass. 367.

JOHN F. MARTIN, *contra,* cited.—*L. & N. R. R. v. Webb,* 90 Ala. 185; 75 Md. 432; 32 Am. St. Rep. 403.

TYSON, J.—This action was brought to recover damages for personal injuries sustained by plaintiff, on account of the alleged negligence of the defendant in failing to have the door of the elevator shaft barred, by reason of which the plaintiff fell into the same, in attempting to take passage in the elevator operated by defendant for the purpose of carrying his customers to the several floors of his store.

The defendant's pleas were the general issue and contributory negligence.

The evidence undisputedly shows that defendant was operating the elevator for the transportation of his customers, and that plaintiff was a customer, and that he was directed by defendant to take the elevator to the

second floor, where he could find the articles he desired to purchase.

These facts undisputedly established the relation of carrier and passenger between them.—10 Am. & Eng. Ency. Law, (2d ed.) p. 946, 950; and imposed on defendant the duty to exercise the highest degree of care in everything pertaining to plaintiff's safety, and not only while actually aboard the elevator, but also in entering it. And clearly, leaving the door of the shaft open, which was also shown without dispute, with no bar or other obstruction to prevent the plaintiff from walking into it under the supposition that the elevator was there, was negligence for which the defendant is liable, unless the plaintiff was guilty of contributory negligence.— *People v. Morgolofski*, 32 Am. State Rep. 403; *The Colorado Mortgage & Investment Co. v. Rees*, 21 Colo. 435; *Hopkinson v. Knapp*, 92 Iowa 328; *Stephens v. Chausse*, 15 Canada Sup. Ct. 379; *So. B. & L. Association v. Lawson*, 97 Tenn. 367. And whether he was guilty of contributory negligence, under the evidence, was a question for the jury.

It cannot be affirmed as matter of law that, because plaintiff walked rapidly to the door of the shaft and, without stopping to see whether the elevator was in place, stepped into it, supposing he was entering the elevator, he was guilty of negligence. Nor can it be affirmed as a matter of law that, because the place was dimly lighted, he was guilty of negligence.

He had the right to assume that the defendant would exercise that degree of care which the law required of him and would not negligently leave the door to the shaft open, and that he may safely enter when he finds the door open, without stopping to make a special examination. Whether the plaintiff, under the circumstances shown by the evidence, exercised that degree of care, which persons of ordinary prudence would exercise on approaching and entering the elevator, was, as we have said, a question of fact for the jury. See cases cited *supra; Tousey v. Roberts*, 114 N. Y. 312; *Dawson v. Sloan*, 49 N. Y. Superior Ct. Rep. 304, affirmed, 160 N. Y. 620; note to *Michell v. Markee*, 25 L. R. A. 35.

[Central of Georgia Railway Co. v. Turner.]

. The fact that there was a stairway leading to the second floor by which plaintiff could have ascended is of no moment and can exert no possible influence upon the right of plaintiff to recover.

What we have said will be a sufficient guide upon another trial without reviewing in detail the several charges given at the request of the defendant and those refused to the plaintiff. Suffice it to say, that many of the given charges are not in harmony with the views we have expressed.

. Reversed and remanded.

McCLELLAN, C. J., SIMPSON and ANDERSON, J.J., concurring.