# Atkinson, *et al.* as Receivers, *v.* Dean.

### Injury to Passenger.

(Decided November 30, 1916.   73 South. 479.)

1. Carriers; Passengers; Injury; Complaint.—A complaint against a carrier for injury to a passenger must allege a duty owing from the carrier to the passenger, or facts which show a duty and a breach of that duty, and damages in consequence thereof.

2. Same.—A complaint alleging that plaintiff was injured while a passenger and that said injury was proximately caused by the negligence of the servants of the carrier in and about the carriage of plaintiff as a passenger was sufficient to sustain a judgment for damages for injuries suffered by the passenger in stumbling over baggage in the aisle of the car.

3. Same: Obstructions in Aisle.—In order to hold carrier liable to a passenger for injuries received by falling over baggage or other obstructions left in the aisle or on the platform of the car by other passengers, the carrier, or its agents or servants whose duty it is to keep the aisle and platform clear must have had actual knowledge of such obstructions, or such obstructions must have remained there for such a time as to charge the carrier with constructive notice thereof.

[Atkinson, et al. as Receivers, v. Dean.]

4. **Same.**—The carrier is liable to a passenger who is injured by falling over baggage or other obstructions placed in the aisles of the car by other passengers, if by ordinary care the servants or agents of the carrier should have known of the obstruction and negligently failed to remove it or make the passage safe.

5. **Same.**—Where injury to a passenger is caused by negligence of other passengers in obstructing the aisles and the carrier or its agents did not know of the obstruction and could not know of it by the exercise of proper care the carrier is not liable because not guilty of negligence.

6. **Same; Negligence; Contributory.**—While an action against a carrier for injuries to a passenger caused by falling over baggage left in the aisle of the car by other passengers may be defeated if the injured passenger was guilty of negligence, the negligence of a stranger in obstructing the aisle with baggage concurring with that of the carrier will not defeat the action.

7. **Same; Jury Question.**—It was a question for the jury in this case whether the agents or servants of the carrier knew or by the exercise of proper care ought to have known of the obstruction of the aisle of the car by baggage.

8. **Same; Evidence.**—Where the action was by a passenger for damages for injuries received from stumbling over baggage left in the aisles of the car, the length of time during which the aisle was obstructed was important in determining whether the agent or servants of the carrier knew or should have known of the obstruction, and hence the court properly declined to limit evidence of the obstruction to the immediate time of the accident.

9. **Same.**—In such an action the evidence on the issue of contributory negligence in this case presented a jury question.

10. **Trial; Conflicting Statements; Jury Question.**—The fact that a plaintiff in testifying in his own behalf makes contradictory statements does not authorize the court in directing a verdict against him, for it is a question for the jury which phase of his testimony should be believed and the fact of the conflict may be weighed by the jury in considering his testimony.

11. **Negligence; Contributory; Pleading.**—A plea of contributory negligence must set out or aver facts sufficient to show the particular contributory negligence set up as a defense.

12. **Carriers; Passengers; Injury; Contributory Negligence.**—Where the action was by a passenger for injuries caused by falling over baggage in the aisle of the car a plea of contributory negligence alleging that defendant negligently failed to look out for a suit case while walking in said aisle was bad on demurrer for a failure to show any duty to so look out.

13. **Same; Duty of Passenger.**—A passenger is under no absolute duty to be on the look-out for obstructions in the aisle of the car but has a right to presume that the aisle is clear of such obstructions.

APPEAL from Jefferson Circuit Court.

Heard before Hon. C. B. SMITH.

Action by Mrs. Kate Dean against H. M. Atkinson and others as receivers for damages for injuries received while a passenger. Judgment for plaintiff and defendants appeal. Affirmed.

Transferred from the Court of Appeals under Acts 1911, p. 450.

TILLMAN, BRADLEY & MORROW and E. C. HARRIS, for appellants.   W. A. DENSON, for appellee.

MAYFIELD, J.—The action is by a passenger, against a common carrier, to recover damages for personal injuries suffered in consequence of a fall while in the carrier's car.

The complaint consisted of but one count, and alleged negligence in the most general terms possible; but the allegation followed the form which has been often approved by this court in like cases.   The allegations as to negligence in such cases are allowed to be much more general than they are in most other negligence cases.

(1) A complaint against a carrier of passengers must allege a duty owing from the carrier to the passenger, or allege facts which show a duty and a breach of that duty and damages in consequence of the breach.—*Southern Ry. Co. v. Proctor*, 3 Ala. App. 413, 57 South. 513; *Birmingham Ry., Light & Power Co. v. Anderson*, 3 Ala. App. 424, 57 South. 103; 7 Mayf. Dig. 100.

The burden of allegation has generally been discharged by an allegation that the defendant negligently did or failed to do "thus and so."  In *Louisville & Nashville R. Co. v. Jones*, 83 Ala. 376, 3 South. 902, which was a suit by a passenger, it was held sufficient to allege that the defendant so negligently and unskillfully conducted itself in carrying a passenger, and in conducting, managing and directing the coach upon which plaintiff was a passenger, that, etc.   In *Armstrong v. Montgomery St. Ry. Co.*, 123 Ala. 233, 26 South. 349, it was held, in a case of the same character, that an averment, that the defendant so negligently conducted the business of carrying passengers that by reason of such negligence plaintiff received injury, sufficiently stated a cause of action.—7 Mayf. Dig. 100.

(2) Not until the case of *Birmingham Ry. Co. v. Adams*, 146 Ala. 276, 40 South. 385, 119 Am. St. Rep. 27, was approval given to a complaint in this form, viz. (after allegation that plaintiff was injured while a passenger) :   "Plaintiff avers that said injury was proximately caused by the negligence of the defendant's servants in and about the carriage of the plaintiff as a passenger."

Similar complaints have been sustained in *Louisville & N. R. Co. v. Church,* 155 Ala. 329, 46 South. 457, 130 Am. St. Rep. 29; *Birmingham Ry., Light & Power Co. v. Haggard,* 155 Ala. 343, 46 South. 519; 7 Mayf. Dig. 100.

The only negligence on the part of the carrier here attempted to be shown was in allowing a valise or other articles of baggage of other passengers, to be placed in the aisle of the car (over which plaintiff stumbled and fell), and probably a failure to properly light the car so that passengers could see the obstructions in the aisle. The defense to this action was the general issue, and contributory negligence; that is, that plaintiff saw or ought to have seen and avoided the obstruction, that her stumbling over it was due to thoughtlessness or inattention at the time.

(3, 4) To hold a carrier liable to a passenger for injuries the result of falling over baggage or other obstructions left in the aisles or on the platforms of cars, by other passengers, the carrier, or its agents or servants whose duty it was to keep the aisles and platforms clear, must have had actual knowledge of such obstructions, or the impediments must have remained such a length of time as to charge the carrier or its servants with constructive notice thereof. It has been held that the carrier was not liable, where a passenger, on entering the car fell over a valise placed in the aisle by another passenger entering at the same time; the members of the train crew the while being out of the car and engaged in assisting other passengers into and out of the car.—*Beiser v. C., N. O. & T. P. Ry. Co.,* 152 Ky. 522, 153 S. W. 742, 43 L. R. A. (N. S.) 1050. In the opinion and notes to this case as last above reported, many cases like the one in hand are cited, and some are reviewed. The law on the subject seems to be settled to the effect that the carrier is liable to a passenger who is injured by falling over obstructions placed in the aisles of its car, by other passengers, if by ordinary care its agents or servants should have known of the obstruction, and negligently failed to remove it and thus make the passage safe.

This case is likewise distinguishable from the case of *Alabama Great Southern R. Co. v. Johnson,* 14 Ala. App. 558, 71 South. 620, decided by the Court of Appeals. In that case, as in the *Kentucky Case,* the passenger fell over a suit case while entering the car, and while defendant's agents and servants were out of the car, and there was no evidence to show how long the valise had remained in the aisle, or whether the defendant's servants

knew or ought to have known of the obstruction of the aisle. The court, per EVANS, J., said: "There were but two witnesses, plaintiff and her daughter, Ruth Johnson. Their testimony was without conflict, and was substantially to the effect that plaintiff and her daughter boarded appellant's train at Collinsville, 9:05, on the morning of September 7th, Labor Day, bound for Irondale, a suburb of Birmingham. The conductor was upon the ground and assisted them up the steps. The car was crowded, and, as they proceeded down the aisle to get a seat, plaintiff tripped over a dress suit case or valise and injured herself. Nothing appears from the record to show how long the dress suit case had remained in the aisle, nor who put it there, nor does it appear whether any of the servants of defendant were in the car at or shortly before the time of the accident. The defendant offered no testimony. * * *

"The record does not show negligence on the part of defendant, or any of its servants, by the mere presence of the dress suit case in the aisle, for non constat but that some other passenger may have set it there, and perchance but a moment before the accident. Had it been shown that some servant of defendant was in the car at the time, instead, on the contrary, on the outside, assisting passengers, it might properly have been left to the jury to say whether the servant was negligent in not being alert enough to discover the obstruction before plaintiff tripped over it. We do not consider that the bare fact of a dress suit case being in the aisle makes out a prima facie case."

The Court of Appeals quoted with approval, and so do we, the following excerpt from the opinion of the Supreme Court of Wisconsin in the case of *Stimson v. Milwaukee, L. S. & W. Ry. Co.*, 75 Wis. 381, 44 N. W. 748:

"The thing which obstructed the passage in the car was evidently the personal baggage of some passenger, and not a thing exclusively under the control or management of the employees of the company; and so the mere fact that it was in the aisle or passageway of the car at the exact time of the accident does not, of itself, raise a presumption of negligence on the part of the employees of the company. There may be a duty on the part of the employees of the company to remove the personal baggage of passengers from the passageways of the cars, but, in order to make it their duty to act, there must be evidence showing, or at least tending to show, that such employees had notice of such

obstruction being in the aisle or passageway, or that it had remained there so long before the accident that, in a reasonably vigilant discharge of their duties, they could have discovered the obstruction before the accident happened, and failed to remove it."

In this case, as before stated, there is evidence which tends to show that the agents did know of the obstruction of the aisle, or in the exercise of due care ought to have known of its presence, and that they failed to remove it.

(5) Where, however, the injury was caused by the negligence of other passengers, in obstructing the aisles, and the carrier or its agents did not know of the obstruction, and could not know of it by the exercise of proper care, then the carrier is not liable, because guilty of no negligence.

(6) If the carrier be prima facie liable in such cases, the action may be defeated, if the plaintiff be guilty of contributory negligence; but the negligence of a stranger in obstructing the aisle, concurring with that of the defendant, will not defeat the action. And the fact that the stranger might also be liable will not excuse the defendant; the plaintiff has the option to sue one or both jointly or severally, though of course, only one satisfaction can be had even if there be two or more recoveries.

(7, 8) It was a jury question in this case whether or not the defendant's agents or servants knew, or by the exercise of proper care ought to have known, that the aisle was obstructed on the occasion of the injury. As the length of time during which the aisle was so obstructed was important, in determining whether or not defendant's agents or servants knew or ought to have known of the obstruction, there was no error in the court's declining to limit the evidence of obstruction to the immediate time or occasion of plaintiff's falling and receiving her injuries. The defendant was not, therefore, entitled to the affirmative charge, on the theory that there was shown no negligence for which it could be held liable.

(9) One witness, Moore, testified in part as follows:

"I remember when the train got to Lineville. Mrs. Dean fell, just tripped to my left across the aisle to my left and fell down in front of me; she tripped right opposite me. She tripped over a suit case. I had seen that suit case before, but don't know who put it in the aisle. It was put in the aisle just a few moments before she tripped over it. I don't know who it was put it there.

I saw a man on the train stop and pick it up and look at it and set it down and then reached over and got another and walked out with it and set this one back down in the aisle there. It was setting between the seats before he picked it up. He left part of it out in the aisle. There might have been six or eight inches out in the aisle. The end was out in the aisle. He didn't set it back like it was setting in there. It was setting away from the aisle, and when he put it back he left it about six inches out in the aisle. It was between the seats before that. He picked it up momentarily and then put it down and took up another and got off at Lineville. That is the suit case Mrs. Dean stumbled over."

If this had been all the testimony on the subject, there would be established no liability on the part of the defendant, because the agents could not have known of the obstruction nor have had the opportunity to remove it; but this was not all. There was evidence which, if true, would have made the agents guilty of negligence as to the obstruction.

The plaintiff testified, in part as follows: "Q. Did you see the one you stumbled over before you stumbled over it? A. No. I don't think I did; I certainly wouldn't have stumbled over it. I was on the lookout. I looked where I was going at the time I fell. I did not see the suit case right where I fell, but there was a suit case along there. I didn't pay particular attention where I put my foot then. I glanced up the aisle. I did not see a suit case where I put my foot at that time. I knew there were some along there. I had no intention of stumbling over a suit case. I had a baby in my arms and was looking as well as I could with my baby in my arms. That is what all mothers do."

In response to a question by defendant's counsel, the witness testified: "The light at this particular place where I stumbled was as good as the light at the other place. It wasn't very good at any place. I saw some suit cases in the aisle."

Plaintiff also testified that: "It was dark when we got to Lineville. I was just going up the aisle and stumbled over the suit case. I don't remember what, if anything, it was that prevented me seeing the suit case. There was as much light in that part of the car there as in any part of the car. I say I didn't see this suit case, because I didn't know which one I stumbled over. I knew about where I stumbled. I think I saw some suit cases along there before I stumbled. I passed some."

(10) It will be observed from this part of plaintiff's testimony, as from all other parts, that there are apparent conflicts in it. Take a part of it, standing alone, and she would clearly have been guilty of contributory negligence; while, looking to other parts, she exercised due care under the circumstances. So the question whether or not she was guilty of contributory negligence was one for the jury. The fact that a plaintiff, in his own case, makes contradictory statements, does not justify the court in directing the verdict against him; which phase of his testimony should be believed is, after all, a question for the jury, though the fact that his testimony is conflicting could be considered by the jury in weighing the testimony and treated as a circumstance against him. The conflict may not have been intentional; it may have been due to the inability of the witness to accurately describe the situation of the occasion of the injury.

This was certainly a question for the jury in this case, and we do not think that the court could have properly given the affirmative charge against her, on the ground that she was guilty of contributory negligence, however strong a case it may have been for the jury to decide against her.

While the case at bar is somewhat similar to the case of *Wood v. R. & D. R. R. Co.*, 100 Ala. 660, 13 South. 552, in which the plaintiff was held to be, as a matter of law, guilty of negligence in falling over some lumber piled on the platform of a depot of defendant, yet it is more like the case of *Alabama Great Southern Railroad Co. v. Arnold*, 84 Ala. 159, 4 South. 359, 5 Am. St. Rep. 354, which was distinguished from *Wood's Case* as follows: "The difference between that case and the one at bar is this: In the former, the injured party had in mind the difficulty of the descent, and according to his testimony was endeavoring to descend by the stepway, but mistook its exact location. In the case at bar, no lights were called for, there was no thought of the obstruction, and heedlessly, or from forgetfulness, the plaintiff stumbled and fell. We think his own testimony shows that he was guilty of contributory negligence. We cannot foresee the result if it be once admitted that mere forgetfulness, or inattention, can excuse negligence."

In the case at bar, according to the plaintiff's testimony, she had the obstruction in mind at the time of falling, and was endeavoring, as best she could, to avoid it; but, on account of the dim light and of the fact that she was carrying an infant in her

arms, she failed to observe or to avoid it. It is true there were statements by her which, standing alone, would place her as Wood was placed; while there were others which would place her as Arnold was placed. Whether she should be bound by the one or the other was a question for the jury, and not for the court.

The trial court sustained a demurrer to plea C, which was as follows: "For further plea and answer to said complaint, defendant says that plaintiff was herself guilty of negligence which proximately contributed to her alleged injuries, and that her said negligence consisted in this: Plaintiff negligently failed to look out for a suit case which was then and there in the aisle of said passenger coach while she was walking in or along said aisle."

(11-13) This plea was subject to demurrer under the rule established by this court as to the sufficiency of pleas of contributory negligence; that is, that the plea must set out or aver facts sufficient to show the particular contributory negligence set up as a defense. Primarily, there is no duty on a passenger to look out for suit cases in the aisle of a car; he has a right to presume that the aisle is clear of such obstructions. Of course, the particular circumstances might be such as to impose a duty on the passenger to look out for impediments of such class; and the fact that a passenger falls over an object such as a suit case in a aisle of a car which is well lighted, where the obstruction could have been easily observed by the passenger if he had used ordinary care, would justify a jury or a trier of facts in finding the passenger guilty of contributory negligence. We cannot say, however, that a passenger in any and all cases is under a duty to look out for obstructions in the aisles of cars, or that in failing to do so he is guilty of contributory negligence. To make a plea like the one in question sufficient to show a duty to look out for such obstructions, facts must be alleged to support the conclusion of the pleader that the plaintiff was guilty of negligence in failing to look out for a suit case in the aisle.

We find no error in this record which will authorize a reversal of the judgment appealed from.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.