(105 So. 663)
### JOHNSON v. HOPKINS.    (3 Div. 718.)

(Supreme Court of Alabama. Oct. 15, 1925.)

**1. Carriers ⬅237(1)—One using elevator at apartment house held invitee, and relation of passenger and carrier arose.**

Plaintiff, who, on making call at room of business associate in apartment house, was injured by falling into elevator shaft, was an invitee with implied invitation to use elevator operated for convenience of guests and those having business with them, and relation of passenger and carrier arose between plaintiff and owner of apartment house.

---

**2. Carriers ⬤═320(23) — Question of whether door to elevator shaft being open was negligence of defendant's employees held for jury.**

Where plaintiff was injured by falling into elevator shaft, door to which she alleged was open, and elevator was shown to be automatic type which did not start if door was open, question as to whether door being open was negligence of any one in defendant's employ *held* properly submitted to jury.

**3. Carriers ⬤═347(3) — Question of contributory negligence of one falling into elevator shaft held for jury.**

In action for injury received by falling into elevator shaft, question of contributory negligence of plaintiff *held* properly submitted to jury.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Action for damages for personal injury by Mrs. M. K. Hopkins against W. A. Johnson. Judgment for plaintiff, and defendant appeals. Affirmed.

Rushton, Crenshaw & Rushton, of Montgomery, for appellant.

The plaintiff failed to prove the defendant guilty of the negligence alleged in the complaint and that the negligence alleged was the proximate cause of the injury. Plaintiff was guilty of contributory negligence, and defendant was due the affirmative charge. Shellaberger v. Fisher, 143 F. 937, 75 C. C. A. 9, 5 L. R. A. (N. S.) 250; Carter v. Chambers, 79 Ala. 223; Hertz v. Advertiser Co., 201 Ala. 416, 78 So. 794, L. R. A. 1918E, 137; O'Brien v. Tatum, 84 Ala. 186, 4 So. 158.

T. E. Martin, of Montgomery, and J. S. Edson, of Miami, Fla., for appellee.

The owner and operator of an elevator is a common carrier of passengers, and must exercise the highest degree of care. Tippecanoe L. & T. Co. v. Jester, 180 Ind. 357, 101 N. E. 915, L. R. A. 1915E, 721; Champagne v. Hamburger & Sons, 169 Cal. 683, 147 P. 954; Munsey v. Webb, 231 U. S. 150, 34 S. Ct. 44, 58 L. Ed. 162; Morgan v. Saks, 143 Ala. 139, 38 So. 848; O'Rourke v. Woodward, 201 Ala. 267, 77 So. 679.

GARDNER, J. Appellant, on May 26, 1923, owned and operated an apartment house in the city of Montgomery known as the Kenwood Apartments, consisting of several floors, reached by means of an automatic elevator. On that date appellee went to the Kenwood Apartments to confer with a Miss Watson, her business associate, who occupied a room on the fourth floor. She walked down the hall to take the elevator, but the door to the elevator shaft was open and she stepped into the shaft, receiving injuries for which she sued and recovered damages. Plaintiff charged that defendant negligently failed to keep the elevator door closed and the elevator shaft barred. The cause was submitted to the jury upon the general issue joined and the plea of contributory negligence. The only questions here urged relate to the action of the court in refusing the affirmative charge at defendant's request, and denying the motion for a new trial.

[1] The elevator was operated for the convenience of the guests and those having business with them. Under the circumstances here shown, plaintiff was an invitee upon the premises (Mudd v. Gray, 200 Ala. 92, 75 So. 468), and there was an implied invitation to plaintiff to use the elevator on this occasion. The relation of passenger and carrier arose between plaintiff and defendant, placing upon the latter that high degree of care as to her safety required by such relationship, not only while actually aboard the elevator, but also in entering it. Morgan v. Saks, 143 Ala. 139, 38 So. 848; O'Rourke v. Woodward, 201 Ala. 267, 77 So. 679; Tippecanoe Loan & Trust Co. v. Jester, 180 Ind. 357, 101 N. E. 915, L. R. A. 1915E, 721, and notes.

The case of Morgan v. Saks, supra, is here controlling in principle. While in that case there was an express invitation by the owner of the store that the plaintiff customer take the elevator to the second floor, yet this does not seem to distinguish that case from this, as the implied invitation to plaintiff in the instant case served a like purpose. In the Saks Case the court said:

"And clearly, leaving the door of the shaft open, * * * with no bar or other obstruction to prevent the plaintiff from walking into it under the supposition that the elevator was there, was negligence for which the defendant is liable, unless the plaintiff was guilty of contributory negligence."

That the shaft was left open by the defendant in the Saks Case was without dispute, and negligence was declared as a matter of law.

In the instant case the shaft was open; the door thereto was thrown back when she went to enter. The elevator it seems was on the fourth floor. We have not overlooked the fact that it was an automatic elevator, as described in Shellaberger v. Fisher, 143 F. 937, 75 C. C. A. 9, 5 L. R. A. (N. S.) 250, and the proof to the effect the metal lattice door guarding the shaft must close else the elevator will not start. There is further proof to the effect that the metal door may be pushed back far enough to so fasten as to remain open. Plaintiff insisted she did not open it, but found it so as she went to take the elevator.

[2, 3] As to whether or not the door being open was to be attributed to the negligence of any one in defendant's employ, we

think, was a question properly submitted to the jury's determination. So, likewise, the question of contributory negligence on the part of plaintiff. Her testimony is to the effect that—

It was "dark heavy gray morning, * * * no light in the hall, * ` * * no light in the shaft or no light around."

We do not think the mere fact that plaintiff had previously operated and used automatic elevators, and that on her previous visits to this apartment she had seen a light in the elevator, is sufficient to convict her of contributory negligence as a matter of law. We again quote from the case of Morgan v. Saks, supra, as here applicable:

"It cannot be affirmed as matter of law that, because plaintiff walked rapidly to the door of the shaft and, without stopping to see whether the elevator was in place, stepped into it, supposing he was entering the elevator, he was guilty of negligence. Nor can it be affirmed as a 'matter of law that, because the place was dimly lighted, he was guilty of negligence.

"He had the right to assume that the defendant would exercise that degree of care which the law required of him and would not negligently leave the door to the shaft open, and that he may safely enter when he finds the door open, without stopping to make a special examination. Whether the plaintiff, under the circumstances shown by the evidence, exercised that degree of care, which persons of ordinary prudence would exercise on approaching and entering the elevator, was, as we have said, a question of fact for the jury."  ` ! ,

The case of Hertz v. Advertiser Co., 201 Ala. 416, 78 So. 794, L. R. A. 1918F, 137, relied upon by counsel for appellant, is readily to be distinguished, and, indeed, the distinction of cases of that' character and that here involved was recognized by the New York Court of Appeals in the quotation set out in the Hertz Case, wherein the New York court (Brugher v. Buchtenkirch, 167 N. Y. 153, 156, 157, 60 N. E. 420, 421) said:

"It was in no way similar to a hatchway or elevator shaft, nor even to the usual steep flight of steps leading into a cellar."

The rule governing this court in a consideration of the action of the trial court in overruling a motion for a new trial is well understood, and needs no restatement here. Suffice it to say, in view of this well-established rule, and after careful consideration of the evidence, we are unwilling to disturb the ruling of the court below in denying the motion.

It results we find no reversible error, and the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.