158 So. 896

**ENSLEY HOLDING CO. v. KELLEY.**

**6 Div. 453.**

Supreme Court of Alabama.

March 8, 1934.

Rehearing Granted June 28, 1934.

Further Application for Rehearing Withdrawn Feb. 6, 1935.

John T. Batten and W. B. Harrison, both of Birmingham, for appellant.

Harsh, Harsh & Hare, of Birmingham, for appellee.

Morgan v. Saks, 143 Ala. 141, 38 So. 848; Johnson v. Hopkins, 213 Ala. 492, 105 So. 663; O'Rourke v. Woodward, 201 Ala. 267, 77 So. 679; Montgomery & Eufaula Railway Co. v. Mallette, 92 Ala. 209, 9 So. 363; Birmingham Railway, Light & Power Co. v. Gray, 196 Ala. 42, 71 So. 689; Birmingham Electric Co. v. Shephard, 215 Ala. 316, 110 So. 604; Tippecanoe Loan & Trust Company v. Jester, 180 Ind. 357, 101 N. E. 915, L. R. A. 1915E, 721; Mitchell v. Marker (C. C. A.) 62 F. 139, 142, 25 L. R. A. 33. ·

■ The burden of proof is on plaintiff in such cases to show the defendant or its servants were guilty of some negligence, a want of this degree of care, as the proximate cause of the injury. Atkinson v. Dean, 198 Ala. 262, 73 So. 479.

When this may appear from the conditions attending the accident under the doctrine of res ipsa loquitur is not here important.

Plaintiff attributes his fall to the presence of a piece of banana peel on the floor of the ·elevator, causing him to slip and fall upon the floor as he was leaving the elevator at his destination, the sixth floor of the building.

■ The plaintiff's testimony as a witness on his own behalf was direct and positive as to the presence of the piece of banana peel, and clearly supported a conclusion that his fall was caused by stepping on same, and consequent slip of his foot. While defendant's evidence negatives the presence of the banana peel, this was an issue for the solution of the jury.

Appellant insists there is a want of evidence to support a reasonable inference of negligence of the operator in causing or permitting the banana peel to be and remain on the floor of the elevator.

There is an absence of evidence that the operator actually knew of its presence, and no direct evidence of when it came to be there.

The only persons in the elevator at the time of the accident were the plaintiff, another passenger, Mr. Hankins, witness for defendant, and the elevator boy, not examined by either party. One other passenger had come from the first to the third or fourth floor on this trip. It is insisted that, for aught appearing, the banana peel may have been dropped by this unknown passenger, and the operator cannot be charged with negligence in failing to discover and remove such inconspicuous menace to the safety of passengers within so short a· space of time and while engaged in operating the elevator.

BOULDIN, Justice.

The action is for personal injuries.

The first question presented on this appeal is the refusal of the affirmative charge to defendant.

The alleged injuries are claimed to have resulted from a fall in a passenger elevator operated by defendant in an office building, known as the Ramsay-McCormack building in the city of Ensley. Without dispute plaintiff was at the time using the elevator in going to an office in the building for business purposes.

■ It is settled by the law of this state that in such case the plaintiff was an invitee, who, on entering the elevator, became a passenger, due the same degree of care for his safety as in cases of common carriers of passengers by railroad, street car, or motorbus.

■ While not an insurer, the law imposes the high degree of care commensurate with such relation, generally stated to be the highest degree of care known to careful, diligent, and skillful persons engaged in such business.

There was no evidence that the passenger mentioned did or did not have a banana in the elevator. No witness is questioned on this point. The plaintiff testifies it was a piece of "old black banana skin."

The dimensions of the floor were 4 feet 1 inch by 6 feet 2 inches. It was properly lighted.

In opening and shutting the elevator door for passengers, the operator could readily see the space they must use in coming in and going out. In view of the high degree of care imposed by law, it cannot be said as matter of law there was no duty to see this space was clear of dangers when inviting passengers to go out or come in.

Whether this old banana peel, if such there was, was out in the floor where plaintiff's right foot first came in contact with it in making his second step in leaving the rear of the elevator, is not at all clear. With equal probability, perhaps, the old banana peel may have been stepped on at the back, adhered to the shoe, and caused to skid when stepping forward.

In either event, it was for the jury to determine the question of negligence vel non in allowing a condition of danger to passengers at the time.

In Atkinson v. Dean, 198 Ala. 262, 73 So. 479, 481, cited by appellant, the court, in reviewing Alabama Gt. S. R. R. Co. v. Johnson, 14 Ala. App. 558, 71 So. 620, where a passenger in alighting from a passenger coach tripped and fell over a valise projecting into the aisle, observed there was no evidence to show how long the valise had obstructed the aisle, and it did not appear any servant of defendant was in the car at the time of the accident. Said this court:

"Had it been shown that some servant of defendant was in the car at the time, instead, on the contrary, on the outside, assisting passengers, it might properly have been left to the jury to say whether the servant was negligent in not being alert enough to discover the obstruction before plaintiff tripped over it. We do not consider that the bare fact of a dress suit case being in the aisle makes out a prima facie case."

These quoted words differentiate the Atkinson Case from the present one.

Clearly the case of City of Bessemer v. Whaley, 187 Ala. 528, 65 So. 542, involving the negligence of a municipality because of the presence of a banana peel on a sidewalk, is not analogous.

Counsel, with commendable diligence, have presented cases from other jurisdictions bearing some analogy to the instant case.

Of these, Goddard v. Boston & M. R. R., 179 Mass. 52, 60 N. E. 486, was the case of a passenger slipping on a banana peel on a station platform in the city of Boston. The place was a car length from where the passenger had alighted, with many persons on the platform. The court said the banana peel may have been dropped within a minute by one of the persons leaving the train, and that it was unnecessary to go further to decide the case for defendant.

In Anjou v. Boston Elevated Ry. Co., 208 Mass. 273, 94 N. E. 386, 21 Ann. Cas. 1143, the court differentiates the Goddard Case, supra, in that it appeared the banana peel was old and gritty, showing signs of having been trampled over, etc. This latter case is the more analogous to the one at bar, if plaintiff's version be true.

Davis v. South Side Elevated Railroad Co., 292 Ill. 378, 127 N. E. 66, 10 A. L. R. 254, applied the rule of ordinary care, differing from that here applicable, and held the mere fact that a passenger slipped on a banana peel on a stairway leading to defendant's station, in the absence of evidence of knowledge of its presence, or that it had been there sufficient time for notice to be implied, would not sustain an action.

Benson v. Manhattan Ry. Co., 31 Misc. 723, 65 N. Y. S. 271, was the case of a passenger slipping on a banana peel on a stairway leading to a street railway station. There was no evidence of how long the banana peel had been there. The court stated for all appearing it might have been thrown there immediately before by some passenger with no notice to defendant, and to hold defendant liable would make it an insurer of the safety of passengers.

None of these cases deals with a case where the dangerous condition was in the immediate presence, in a very small space, under the eye of the agent of defendant charged with the duty of admitting, transporting, and discharging passengers in the vehicle under his control.

▆ The elevator boy is by force of his employment the agent of defendant in conserving the safety of passengers against hazards of this class. We do not think there was an entire want of evidence that the banana peel had been on the elevator floor prior to the beginning of that trip; but, if not, it was still a question for the jury whether there was a want of the high degree of care re-

quired by law in not observing the dropping of a banana peel on the floor, or in not removing it, and thus inviting passengers to walk over it in his immediate presence.

■ Another insistence for the affirmative charge is rested upon a lack of evidence to show the injuries complained of resulted from the fall, were not equally attributable to debility, wholly apart from the fall.

· The evidence of all the witnesses, including the examining physicians, is to the effect that immediately after the fall plaintiff complained of being hurt, called for assistance to get up, was so assisted, and presently carried to a physician's office on the next floor above; that he complained of his back, and speedily became paralyzed in both lower limbs, with some paralysis in his upper limbs.

It does appear there was no external injury.

Without a prolonged recital of the professional or opinion evidence of the physicians, suffice to say no definite opinion was expressed either way on the matter of an injury to the spine from the fall as the cause of the paralysis.

But such evidence, especially of Dr. Tedder, was to the effect that one test indicated a lesion or injury to the spinal cord, and the evidence tended to exclude every other probable cause. This, in connection with evidence that plaintiff had theretofore had no such symptoms, and the appearance of paralysis immediately after the fall, made it a clear jury question whether the paralysis resulted from the fall. In this connection it was proper to admit medical evidence to the effect that if this paralysis was the result of disease, it would be likely to continue and grow worse, rather than improve after a few weeks as in this case. It was also competent to show by witnesses with whom plaintiff had worked at the steel mill down to within some two weeks of the date of the injury, that he showed no want of use of his limbs, and no infirmity from which he was ever seen to fall. It is sufficient to reassert the general rule, that whatever logically tends to prove a given fact, is legally relevant, although standing alone it would not be sufficient proof.

■ The plaintiff was a competent witness to state he had never had paralysis of the lower limbs or other part of his body prior to this fall.

True, in Dominick v. Randolph, 124 Ala. 557, 27 So. 481, this court upheld the ruling of the trial court in refusing evidence of nonexpert witnesses that a person had theretofore had a stroke of paralysis.

This holding is to be upheld on the ground that lay witnesses are not competent to diagnose disease from symptoms. But paralysis is a fact, whatever its cause, and no one can know it better than the man who suffers such affliction.

■ Evidence of earnings prior to injury, evidence of inability to work thereafter, evidence that plaintiff did no work thereafter, and evidence that his earnings ceased with the injury, was all relevant and proper on the question of damages.

■ We find no error in overruling defendant's objection to the hypothetical question to Dr. Sherrill made the basis of assignment of error No. 17. We do not agree with appellant that the question hypothesizes facts not supported by evidence, in that there was no evidence of traumatic injury. Traumatic injury for the purposes of this case may consist of internal as well as external injury from the fall. 63 C. J., p. 804, note 41(a).

■ Defendant's refused charges 1 and 2, as shown by the bill of exceptions, are the same as given charges 2 and 3 shown by the record proper.

The statute requires charges to appear in the record. Code, § 9509.

In case of conflict, the record prevails. Central of Georgia Ry. Co. v. Gillis Mule Co., 20 Ala. App. 535, 103 So. 906.

Probably in the above state of the record it should be presumed there were duplicate charges, one set being refused because like charges had been given.

■ Newly discovered evidence was presented as a ground for new trial.

It appeared that on the day before the trial the attorney for defendant was informed by an employee of the federal government connected with the veterans' administration, that plaintiff was possibly drawing a federal pension for disability; that thereupon counsel asked the regional director of the veterans' bureau in Birmingham if plaintiff had ever been examined for pension, and was advised that neither his office nor that at Washington was permitted to give out such information.

No subpoena duces tecum or other steps were taken to procure such evidence.

Pending the motion for a new trial, on order of the trial judge requesting photostatic

copies of all records with reference to disability of plaintiff as a Spanish-American War veteran, such information was furnished by the veterans' administration.

It thus appeared that prior to this accident plaintiff was examined by the examining board and given a rating of 75 per cent. disability "on account of kidney trouble, high blood pressure, heart trouble, rheumatism, boils and bad feet"; and after the injury here complained of, he was re-examined and given a rating of 100 per cent. disability, the examination showing "an injury to the spine" as a further disability.

This evidence would tend to support defendant on the issue as to the cause of the fall in the elevator, and on the quantum of damages, but to support plaintiff on one controverted issue, viz., whether the paralysis was caused by the fall.

■ This evidence does not come within the rule of newly discovered evidence. Information, which, if followed up with the same vigilance before trial as after verdict, would have procured the same evidence for use on the trial, negatives the essentials of newly discovered evidence on motion for new trial.

The public expense, delays in the administration of justice, inconvenience, and expense to parties and witnesses forbid a relaxation of the rule of diligence in this regard. A quickened diligence after verdict in following up sources of information theretofore known will not suffice. Kansas City, M. & B. R. R. Co. v. Phillips, 98 Ala. 168, 13 So. 65; Bayonne Knife Co. v. Umbenhauer, 107 Ala. 496, 18 So. 175, 54 Am. St. Rep. 114.

■ Touching the question of a new trial on the weight of the evidence, the record does not warrant such finding under the well-known rule of Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.

## On Rehearing.

BOULDIN, Justice.

In writing the original opinion the writer was impressed that this is a border line case not free from doubt and difficulty.

In view of the high degree of care imposed on carriers of passengers by elevator in this state, and the small lighted floor space under the eye of the operator, with only three passengers from the ground floor, and only two at the time of the injury, the conclusion was reached that it was a question for the jury whether the presence of the banana peel, with the consequent hazard to the safety of passengers, would (by the exercise of the degree of care required in such cases) have been discovered by the operator.

Further banana peel cases, as well as similar hazards due to the acts of third persons, have been presented by vigilant counsel, and the court has considered still others recently decided by other courts.

■■ While a general oversight of premises to assure the safety of passengers, coming and going, is certainly a legal duty, it is generally held, and with sound reason, this does not demand that hazards of this kind (not shown to be due to any act of the employees) shall be anticipated as a result of carelessness of third persons, and a special watchfulness for same maintained. This rule might be varied by proof that such hazards were frequent at such time and place. No such proof appears here.

As to banana peels and like hazards to passengers, it seems to be the practically unanimous holding of the cases that the plaintiff has the burden to show the employees responsible for the presence of same, or have knowledge of same, or they have been there a sufficient time for the employees, in the exercise of due vigilance, to discover and remove same.

Although, in the instant case, the other passenger, and physicians coming in, did not see the banana peel, upon looking for something on which plaintiff was insisting he had slipped, the plaintiff's evidence, we again assert, made a question for the jury on the issue whether he did in fact fall and receive his injuries from the presence of a banana peel.

■ But on fuller reflection and study of the authorities, we have reached the conclusion that the evidence is insufficient to make out a case of negligence in causing this hazard, or in failing to discover and remove it.

There is an entire want of evidence as to when or how the banana peel came to be on the floor of the elevator, on what part of the floor it was at the time it first came in contact with, or adhered to the shoe of plaintiff, nor indeed, whether this occurred inside or outside the elevator. The only evidence in this regard is that plaintiff did slip and fall, and thereupon discovered he had slipped on a banana peel as he was stepping out of the elevator, signs of a banana peel being

found on the shoe, and piece of same then discovered.

Upon further consideration we conclude the defendant was due the affirmative charge.

Without reviewing the facts upon which the decisions are based, we cite a number of those which impel us to this conclusion: Windham v. Atlantic Coast Line R. Co., 71 F.(2d) 115, United States Court of Appeals, 5th Circuit; Livingston v. Atlantic Coast Line R. Co. (C. C. A.) 28 F.(2d) 563; Long v. Atlantic Coast Line R. Co. (C. C. A.) 238 F. 919; Gulf, C. & S. F. R. Co. v. Blackmon (Tex. Civ. App.) 56 S.W.(2d) 199; Hotenbrink v. Boston Elevated Ry. Co., 211 Mass. 77, 97 N. E. 624, 39 L. R. A. (N. S.) 419; Thomas v. J. Samuels & Bro., Inc., 47 R. I. 206, 132 A. 8; Pittsburgh, C., C. & St. L. R. Co. v. Rose, 40 Ind. App. 240, 79 N. E. 1094; Louisville & N. R. Co. v. O'Brien, 163 Ky. 538, 174 S. W. 31, Ann. Cas. 1916E, 1084; O'Leary v. Smith, 255 Mass. 121, 150 N. E. 878.

It results that the application for rehearing is granted, the judgment of affirmance is set aside, and a judgment of reversal· entered, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.·